# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3401

_____

Wixon Jewelers, Inc., a Minnesota    *
corporation,    *
   *
        Appellant,    *
   *   Appeal from the United States
     v.    *   District Court for the
   *   District of Minnesota.
Di-Star, Ltd., a Delaware corporation;    *
Glenn Rothman; Jack Gredinger,    *
individually,    *
   *
        Appellees.    *

_____

Submitted: June 16, 2000
Filed: July 27, 2000

_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Wixon Jewelers, Inc. (Wixon), a Minnesota corporation, filed suit in Minnesota state court against Di-Star, Ltd. (Di-Star), a Delaware corporation, and its officers alleging breach of contract, violations of the Minnesota Franchise Act, and fraud in the inducement. Di-Star removed to the United States District Court for the District of

Minnesota,[1] which granted Di-Star's motion for summary judgment. Wixon appeals the district court's grant of summary judgment only as to the breach of contract and the fraud in the inducement claims. We AFFIRM.

Di-Star is a wholesaler of ideal-cut diamonds,[2] which are sold under the Hearts on Fire brand. On May 30, 1997, Wixon and Di-Star entered into a distribution agreement, which provided: 1) Wixon would be the sole retailer of Hearts on Fire diamonds in the Minneapolis/Saint Paul area, 2) Wixon would initially purchase six Hearts on Fire diamonds, and 3) Wixon would order a minimum of $2500 worth of Hearts on Fire diamonds per month from Di-Star in order to maintain the exclusive right to distribute Hearts on Fire diamonds in the Minneapolis/Saint Paul area. The agreement had no fixed end date. Between May 1997 and March 1998, Wixon only twice made the required minimum purchase, in November 1997 and December 1997. In early 1998, Di-Star notified Wixon that another Minneapolis/Saint Paul jeweler would be added as an authorized retailer of Hearts on Fire diamonds. Wixon then canceled the agreement with Di-Star and filed suit alleging it would lose profits in excess of $1,000,000 over the coming ten years.

The breach of contract claim requires only a simple application of Article 2 of the Uniform Commercial Code as adopted by Minnesota at Minn. Stat. § 336.2-101 et seq. Wixon argues that although the original distribution agreement required the purchase of $2500 worth of diamonds per month, the agreement was orally modified to require the purchase of $30,000 worth of diamonds per year. If the oral modification is valid, then Di-Star was in breach of the exclusivity clause. Conversely, if the

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

[2] The facets of ideal-cut diamonds are cut to provide maximum brilliance at the expense of size and strength. At the time of the original contract, ideal-cut diamonds appear to have been relatively rare in this country.

modification was not valid, then Wixon was in breach and the contract could be voided by Di-Star at any time.

A modification to a contract must, itself, satisfy the statute of frauds if it would be subject to the statute of frauds were it a separate contract. See Minn. Stat. § 336.2-209(3). The Minnesota statute of frauds requires a contract for the sale of goods in the amount of $500 or more to be evidenced by a writing. See Minn. Stat. § 336.2-201(1). Here the diamonds are valued at $2500 per month under the old contract and $30,000 under the purported modification. The minimum dollar amount that requires a writing is clearly met regardless of which dollar amount is considered to be the amount of the modification. It is equally clear that diamonds are goods. See Minn. Stat. § 336.2-105(1). Thus, the modification must conform with the statute of frauds. Wixon admits there is no writing evidencing the modification. The district court correctly determined the statute of frauds required a writing and absent such writing the modification was not valid. Thus, under the original contract, Wixon was in breach because it did not meet the monthly minimum purchase. Because of this breach, Di-Star did not have to honor the exclusivity agreement and was not itself in breach. The district court's grant of summary judgment on the breach of contract is affirmed.

Wixon further claims that Di-Star committed the tort of fraud in the inducement. For a fraud in the inducement claim to succeed, the defendant must not have met the obligations of the contract, among other elements. See Vandeputte v. Soderholm, 216 N.W.2d 144, 147 (Minn. 1974). As we have already found, Di-Star was not in breach of contract; rather Wixon was in breach by failing to make the required minimum monthly purchases. Because Di-Star met all of its obligations under the contract, we affirm the district court's grant of summary judgment on the fraud in the inducement claim.

For the foregoing reasons, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.