176 P.3d 695

Gregory BEST, a single man, Plaintiff–Counter–Defendant–Appellant,

v.

Carl R. EDWARDS and Sookie M. Edwards, husband and wife; Frank R. Salinas and Frances B. Salinas, husband and wife, Defendants–Counter–Claimants Appellees.

No. 1 CA–CV 06–0770.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 31, 2008.

Bueler Jones LLP by Gordon S. Bueler, Chandler, Attorneys for Appellant.

Dominguez & Associates PC by Antonio Dominguez, Phoenix, Attorneys for Appellees.

WEISBERG, Judge.

¶ 1 Gregory Best appeals from the grant of summary judgment to defendants, Carl and Sookie Edwards and Frank and Frances Salinas, which ended Best's action for specific performance of a real estate option agreement. Best contends that although the Arizona statute of frauds mandates that an option contract for the sale of real property be in writing, the statute does not require that an amendment to such a contract be in writing. He also argues that even if the statute of frauds does apply, defendants here should be equitably estopped from asserting it as a defense. For reasons that follow, we conclude that modification of a real estate option contract that extends the life of an option is a material modification that must be in writing. We further conclude that Best failed to as-

sert sufficient equitable grounds to estop defendants' reliance upon the statute of frauds.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In December 2003, Best entered into a written contract with defendants that granted him the exclusive option to purchase real property in Phoenix, Arizona for the price of $130,000, to be exercised and paid in full on or before March 23, 2005. After that date, the option would expire *"unless all parties agree[d] to renew"* the option in accordance with Arizona law. (Emphasis added.)

¶ 3 Best did not exercise the option to purchase the property prior to March 23, 2005. Instead, on that date he recorded an "Amendment to Exclusive Purchase Option Contract," signed only by him, that purported to extend the expiration date stated in the contract until March 23, 2006.[1]

¶ 4 In November 2005, defendants entered into a contract with an unrelated third party to sell the property for $285,000. The title company required that defendants record a release of Best's option rights under the original contract and recorded amendment. Claiming that Best had unilaterally recorded the amendment without their knowledge, defendants demanded that Best immediately execute a written release. Best declined to do so and asserted that Carl Edwards had orally agreed to extend the option term for an additional year. On December 30, 2005, Best informed defendants in writing that he intended to exercise his option to purchase the property.

¶ 5 Defendants refused to convey the property to Best, and he brought this action for specific performance of the option contract. In addition to filing an answer and counterclaim,[2] defendants moved for summary judgment, arguing that the option contract had expired and the purported amendment was unenforceable under the statute of frauds. Best responded that the statute of frauds did not bar enforcement of the oral amendment and that even if it did, defendants were equitably estopped from asserting such a defense because Best relied to his detriment upon the oral extension.

¶ 6 The court granted defendants summary judgment. It held that the statute of frauds applied and that "[a]ny extension to the contract needed to be in writing and signed by all of the responsible parties." Absent a written agreement, the court also concluded that no material questions of fact existed and that defendants were entitled to judgment as a matter of law because the option agreement had expired. The court also awarded attorney's fees and costs to defendants. Best timely appealed from the judgment. We have jurisdiction pursuant to Arizona Revised Statute ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 7 A court properly grants summary judgment when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Ariz. R. Civ. P. 56(c). On appeal from the grant of summary judgment, however, we determine *de novo* whether any genuine material fact question exists and whether the trial court properly applied the law. *Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). We also view the facts and any inferences from those facts in the light most favorable to the non-moving party. *Prince v. City of Apache Junction,* 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996). Interpretation of a statute is a question of law subject to our *de novo* review, and when interpreting a statute, we attempt to fulfill the legislature's intent. *Calvert v. Farmers Ins. Co. of*

---

1. Best also claims on appeal that he sent a letter to Carl Edwards dated February 20, 2005 in which Best "agree[d] to accept a one-year extension to our original contract" to become effective in ten days and stated that he would record the extension. The letter was not part of the record below, however, and although Best has attached it to his opening brief, "[n]ew exhibits cannot be introduced on appeal to secure reversal." *In re*

*Estates of Spear,* 173 Ariz. 565, 567, 845 P.2d 491, 493 (App.1992); *see also Lewis v. Oliver,* 178 Ariz. 330, 338, 873 P.2d 668, 676 (App.1993) (appellate court considers "only those matters in the record before us").

2. No issue related to the counterclaim for slander of title has been raised on appeal.

*Ariz.*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).

### Arizona's Statute of Frauds

¶ 8 The statute of frauds provides in relevant part:

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

. . . .

6. Upon an agreement for leasing for a longer period than one year, or *for the sale of real property or an interest therein.* Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged.

A.R.S. § 44–101 (2003)(emphasis added).

¶ 9 The statute of frauds historically has served as a means to avoid the perpetration of fraud that might otherwise occur if one need only assert that an oral agreement had been reached in order to enforce a purported agreement. *See, e.g., Realty Exch. Corp. v. Cadillac Land & Dev. Co.*, 13 Ariz. App. 232, 236, 475 P.2d 522, 526 (1970)(the statute "protect[s] against claims backed only by oral testimony which could be fabricated"). By requiring a writing for certain important types of contracts, the statute ensures that some enduring evidence of an agreement exists. *See Owens v. M.E. Schepp Ltd. P'ship*, 216 Ariz. 273, 281, ¶ 36, 165 P.3d 674, 682 (App.2007) (quoting *Sherwood v. Lowell*, 34 Cal.App. 365, 167 P. 554, 559 (1917)). As one court has observed,

[t]he Statute of Frauds is a time honored statute.... It was designed to prevent fraud and perjury in connection with the sale and the transfer of lands and other designated transactions. Though it may never be made the instrument of fraud which it was intended to prevent, it is just as ... important that it should not be ignored or circumvented in any set of circumstances which comes within its scope

unless its application, in a particular instance, results in fraud or leads to inequitable conduct.

*Cottrell v. Nurnberger*, 131 W.Va. 391, 47 S.E.2d 454, 463–64 (1948).

¶ 10 In this case, the parties agree that the executed real estate option agreement is within the scope of the statute of frauds. *See Chevron U.S.A. Inc. v. Schirmer*, 11 F.3d 1473, 1478 (9th Cir.1993) (Arizona's statute of frauds requires an option to purchase real property to be in writing); *Lyon v. Big Bend Dev. Co.*, 7 Ariz.App. 1, 4, 435 P.2d 732, 735 (1968) (statute of frauds applies to option agreement to purchase real property). However, Best argues that a modification of such an option agreement, which extends the option date, is not. We disagree with that argument.

¶ 11 In their written contract, defendants agreed to hold open their offer for a specified time. That term became "binding and irrevocable for the period specified" and "create[d] in the holder a power of acceptance ... and a right to conveyance upon fulfillment of the specified conditions." Corbin on Contracts, § 17.18 at 487.

¶ 12 Because time was of the essence, the option could not be exercised after the option period expired. *See Cummings v. Bullock*, 367 F.2d 182 (9th Cir.1966) (time is of the essence unless option agreement expressly states that it is not). Moreover, an option must be exercised in strict accordance with its terms because "any relaxation of terms would substantively extend the option contract to subject one party to greater obligations than he bargained for." Restatement (Second) of Contracts § 25, cmt d. *See also Rogers v. Jones*, 126 Ariz. 180, 182, 613 P.2d 844, 846 (App.1980) (option is strictly construed and "must be exercised in exact accord with its terms and conditions"). Given its importance, the time for performance clearly was a material term.

¶ 13 This court has previously held that the modification of a material term of an agreement, which was required by the statute of frauds to be in writing, must also be in writing. In *Kammert Bros. Enter., Inc. v. Tanque Verde Plaza Co.*, 4 Ariz.App. 349, 360, 420 P.2d 592, 603 (1966), *vacated on*

*other grounds,* 102 Ariz. 301, 428 P.2d 678 (1967), we addressed whether a contract required by the statute of frauds to be in writing could be orally modified to extend the buyer's time to make contract payments.

¶ 14 In *Kammert,* the buyer contracted to purchase real estate, made a down payment, and agreed to pay the balance over time. 4 Ariz.App. at 352–53, 420 P.2d at 595–96. When the first installment of principal came due, the buyer asked for an extension, which the seller's attorney granted under certain additional conditions. *Id.* at 354, 420 P.2d at 597. The parties did not, however, sign a written amendment. *Id.* At a later date, the seller informed the escrow agent that the original contract was in default.

¶ 15 At a trial for breach of contract, the jury found that the seller had agreed to give the buyer an extension, that the buyer had offered to pay the full amount due, and that the seller had refused in bad faith to accept payment. *Id.* at 359, 420 P.2d at 602. The jury also found that the seller had led the buyer to believe that it had an extension and that the buyer had acted on that belief. *Id.*

¶ 16 On appeal, the seller argued that a written sale contract could not be materially modified by an oral agreement. *Id.* at 360, 420 P.2d at 603. Although this court found that the law was "not unanimous," *id.,* we concluded that "the majority and better view is that such an extension is not enforceable, in the absence of estoppel, if it does not comply with the statute of frauds." [3] *Id.* We further rejected the buyer's estoppel argument because its actions in reliance on the oral extension [4] were not clearly referable to the extension. *Id.* at 361, 420 P.2d at 604. However, we also concluded somewhat inconsistently that the evidence supported a finding that the seller had waived strict performance of the contract. *Id.* at 362, 420 P.2d at 605.

¶ 17 The supreme court vacated our opinion on grounds unrelated to whether such an extension must be in writing to satisfy the statute of frauds. It stated that "regardless of whether the extension agreement would be considered enforceable under the statute, its existence is evidence of the seller's intent to waive strict performance" of the contract's forfeiture provisions. 102 Ariz. at 305, 428 P.2d at 682. Thus, it ruled, the oral extension of time for payment, "followed by conduct ... inconsistent with demanding strict compliance with the contract, result[ed] in a waiver of the forfeiture provisions." *Id.* In that event, because the seller had waived strict performance, until the seller informed the buyer that strict compliance was necessary, the buyer could not be in default.[5] *Id.*

¶ 18 In *Kammert,* our supreme court was clearly influenced by the seller's conduct and the buyer's substantial efforts that could be regarded as part performance. The court, however, did not disagree with our conclusion that the statute of frauds applied to a material modification of an agreement that was required to be in writing. Moreover, our review of decisions from other jurisdictions reflects that the majority rule we cited in *Kammert* remains unchanged. *See, e.g., Wixon Jewelers, Inc. v. Di–Star, Ltd.,* 218 F.3d 913, 914 (8th Cir.2000)(under Minnesota law, "modification to a contract must, itself, satisfy the statute of frauds if it would be subject to the statute of frauds were it a separate contract"); *Gewin v. TCF Asset Mgmt. Corp.,* 668 So.2d 523, 527 (Ala.1995) (statute of frauds renders agreement for land sale void unless party to be charged has signed agreement and any modifications); *Canizaro v. Mobile Commc'n Corp. of Am.,* 655 So.2d 25, 29–30 (Miss.1995) (if contract falls under statute, "any modification or waiver" also must be in writing); *Coombs v. Ouzounian,* 24 Utah 2d 39, 465 P.2d 356, 358

---

3. In a later case, we held that if the statute of frauds requires an agreement to be in writing, it "renders invalid and ineffectual a subsequent oral agreement changing the terms of the written contract." *Executive Towers v. Leonard,* 7 Ariz. App. 331, 333, 439 P.2d 303, 305 (1968).

4. The buyer had cited its removal of trees; payment of property taxes; and time, effort, and money spent in attempting to secure tenants as evidence of conduct in reliance on the oral extension. *Id.* at 361, 420 P.2d at 604.

5. Furthermore, the court noted that the seller had committed an anticipatory breach of the contract. *Id.* at 306, 428 P.2d at 683.

(1970) (if a contract must be in writing, extension is not enforceable, short of estoppel, unless in writing); *Lindsay v. McEnearney Assoc., Inc.*, 260 Va. 48, 531 S.E.2d 573, 575–76 (2000) (oral modification of written contract for land sale was unenforceable because otherwise "very mischiefs" statute of frauds sought to avoid could arise); *Roussalis v. Wy. Med. Ctr., Inc.*, 4 P.3d 209, 241–43 (Wyo. 2000)(if original agreement had to comply with the statute, any material modification also must conform but acknowledging that promissory estoppel might preclude statute's application); 72 Am.Jur.2d *Statute of Frauds* § 193 (2001) ("The broad general doctrine as announced by most authorities is that a contract required by the statute of frauds to be in writing cannot be validly changed or modified as to any material condition therein by subsequent oral agreement so as to make the original written agreement as modified by the oral one an enforceable obligation.").

¶ 19 We agree with these authorities and conclude that an amendment to a real estate option purchase agreement that modifies a material term, such as the option's expiration date, must comply with the statute of frauds. This holding advances the purpose of the statute of frauds: it avoids the assertion of claims based on "uncertain memory and unrecorded expression," that are not readily susceptible of proof and that may impede the identification and transfer of interests in real property. To excuse the requirement of a signed written agreement in these circumstances would undercut the very protections afforded by the statute and create the types of opportunities for fraud that the statute aims to avoid. *Weldon v. Greer*, 29 Ariz. 383, 388, 241 P. 957, 959 (1926); 72 Am.Jur.2d *Statute of Frauds* § 193 ("To permit oral proof of an alteration would expose the contract to all the evils that the statute is intended to remedy."). Accordingly, the alleged amendment signed only by Best is

unenforceable [6] unless some equitable principle overcomes the statute's application.

### Equitable Estoppel

¶ 20 Best alternatively argues that even if the statute of frauds normally would require that an extension of an option agreement be in writing, defendants should be equitably estopped from asserting the statute of frauds as a defense. Without an explanation as to why it would control here, he cites a single case in support of his argument, *Waugh v. Lennard*, 69 Ariz. 214, 211 P.2d 806 (1949).

¶ 21 We find *Waugh* to be unhelpful, however, because of the dissimilar facts. In *Waugh*, an attorney in a joint venture sought the agreement of his lay joint venturers to accept promissory notes in lieu of their share of the joint venture's profits. *Id.* at 217–18, 211 P.2d at 807–08. Time passed, and to forestall any collection efforts until after his death, the attorney told his joint venturers that he had arranged his estate so that the notes would not be barred by the statute of limitations and provided a written assurance to that effect. *Id.* at 218–19, 211 P.2d at 808. After his death, however, the executrix of his estate denied the joint ventures' creditors' claim, and raised the statute of frauds as a defense against the ensuing complaint filed by the joint venturers' successor-in-interest. *Id.* at 219, 211 P.2d at 809. The executrix argued that the agreement to extend the time for payment was not one to be performed within one year and thus violated the statute of frauds. *Id.* at 220, 211 P.2d at 810. The trial court agreed and dismissed the complaint.

¶ 22 Our supreme court, however, reversed the trial court in dismissal for a number of reasons. First, it noted that equitable estoppel precludes one because of "his own acts from asserting a right to the detriment of another who, entitled to rely on such conduct,

---

**6.** Moreover, we note that even if Carl Edwards had signed an amendment, it still would not have complied with either the statute of frauds or the terms of the original option agreement. All parties had to agree to a change in terms, and nothing in the record shows that Carl Edwards was authorized to act on behalf of the other defendants as A.R.S. § 44–101(6) provides. *See,*

*e.g., Passey v. Great W. Assoc. II*, 174 Ariz. 420, 426, 850 P.2d 133, 139 (App.1993) ("the signature or initials of a tenant-in-common do not bind the other co-tenant in the absence of clear and proper authorization," which must be "in writing and signed by the co-tenant to be charged").

has acted thereon." *Id.* at 223, 211 P.2d at 812. Second, the court reasoned that the particular facts of the case permitted promissory estoppel to serve as a basis to overcome the statute of frauds defense. *Id.* at 223–24, 211 P.2d at 812. Third, the court pointed out that the agreement to extend the notes' due dates until after the attorney's death could have been performed within one year, which made the statute of frauds inapplicable. Similarly, the joint venturers' full performance abrogated application of the statute of frauds. *Id.* at 226, 211 P.2d at 813–14. Finally, the court observed that the widow was estopped from relying upon the statute of frauds because otherwise the attorney, upon whom the partners had relied for his professional expertise, would be allowed to perpetrate a fraud. *Id.* at 227, 211 P.2d at 814–15. Accordingly, because it sufficiently alleged facts supporting estoppel, the supreme court ordered that the complaint be reinstated.

¶ 23 By contrast, Best merely asserted that he was "detrimentally affected by [his] reliance on the assertions of Carl Edwards because [his] interest in the option was challenged." He explained that without the grant of the additional year in which to exercise the option, he would have exercised the option before the expiration date. But Best did not allege any particular detriment arising out of his reliance upon the oral extension other than the loss of the benefit of the agreement itself. That is not enough.

¶ 24 Several Arizona cases illustrate that a claim of equitable estoppel based upon only the loss of the benefit of the bargain is insufficient. In *Custis v. Valley National Bank of Phoenix,* 92 Ariz. 202, 375 P.2d 558 (1962), the plaintiff sought damages for the defendant's breach of an agreement to sell some of the defendant's company stock to the plaintiff and also to lease his premises to plaintiff. *Id.* at 203, 375 P.2d at 559. A letter signed by both parties seeking a parent company's approval of the transaction was incomplete and did not satisfy the statute of frauds. *Id.* at 206, 375 P.2d at 561. In the alternative, the plaintiff alleged that he had changed his position by continuing to work, by visiting the parent company to try to secure approval, and by obtaining a loan to perform his obligations under the agreement. *Id.* at 207, 375 P.2d at 561–62.

¶ 25 Nonetheless, our supreme court observed that to establish equitable estoppel, more is required than mere loss of the benefit of the alleged agreement. *Id.* The court distinguished *Diamond v. Jacquith,* 14 Ariz. 119, 125, 125 P. 712, 714 (1912), in which the party asserting estoppel had fully performed his side of an employment agreement by moving his family to Arizona and refraining from seeking other employment. *Id.* at 207, 375 P.2d at 562. The court also distinguished *Cress v. Switzer,* 61 Ariz. 405, 406–07, 411, 150 P.2d 86, 87, 89 (1944), in which the plaintiffs had spent substantial sums in remodeling business premises in reliance on oral agreement to a lease with an option to renew. The landlord "stood by and saw a store remodeled and a good business established," *id.,* but failed to submit a written lease. In both cases, "substantial losses apart from the expected benefits of the agreement would result if the agreement was not enforced." *Custis,* 92 Ariz. at 207, 375 P.2d at 562. But because the plaintiff in *Custis* had "not alleged that his reliance … caused him any expense or loss other than the loss of his expected benefit from the agreement itself," *id.,* the defendant was not estopped to rely on the statute of frauds.

¶ 26 Similarly, in *Del Rio Land, Inc. v. Haumont,* 118 Ariz. 1, 7, 574 P.2d 469, 475 (App.1977), we held that one asserting estoppel must allege more than "that the charged party has admittedly entered into an oral agreement which he subsequently refuses to perform, thereby depriving the plaintiff of the benefits of the oral agreement.… [He] must show substantial additional detriment separate and apart from the failure to receive the benefits he would have received under the oral agreement." In the same vein, in *Gray v. Kohlhase,* 18 Ariz.App. 368, 371, 502 P.2d 169, 172 (1972), the plaintiff sought to enforce an oral promise to pay a commission for the sale of real estate, and we held that the defendants were not estopped to raise the statute of frauds because the plaintiff had not alleged any loss except the mere loss of the commission.

¶ 27 Accordingly, we conclude that to assert equitable estoppel and avoid the statute of frauds, a promisee must "show substantial additional detriment," *Del Rio Land,* 118 Ariz. at 7, 574 P.2d at 475, beyond just the loss of the benefit of the alleged agreement. Here, Best lost only the opportunity to purchase the defendants' land as the option agreement provided, but failed to come forward with any facts of additional loss or detriment that would support a claim of estoppel.

## Good Faith and Fair Dealing

¶ 28 Best also argues that defendants breached the implied duty of good faith and fair dealing by entering into a purchase contract with a third party in November 2005.[7] Although he concedes that he did not allege a cause of action for breach of the implied covenant of good faith and fair dealing in his complaint, he argues that Arizona is a "notice pleading" state. While we agree that Arizona allows notice pleading, a complaint still must give sufficient notice of the relief sought. *Rosenberg v. Rosenberg,* 123 Ariz. 589, 592–93, 601 P.2d 589, 592–93 (1979). Furthermore, one appealing summary judgment "may not advance new theories or raise new issues to secure a reversal." *Lansford v. Harris,* 174 Ariz. 413, 419, 850 P.2d 126, 132 (App.1992). We, therefore, do not consider this issue on appeal.

## Timing of Summary Judgment

¶ 29 Finally, Best argues that the trial court erroneously granted summary judgment before discovery was complete. He contends that had he taken the defendants' depositions, he could have established their receipt of his February 20, 2005 letter confirming a one-year extension and could have asserted that their failure to respond "was assent to the extension."

7. To the extent Best argues in his reply brief that this claim is based at least in part on conduct by Edwards and Salinas prior to the original contract expiration date, that issue was not raised in the opening brief, and thus we deem it waived. *See Menendez v. Paddock Pool Constr. Co.,* 172 Ariz. 258, 263 n. 5, 836 P.2d 968, 973 n. 5 (App.1991) (party cannot raise issue for first time in reply brief).

¶ 30 Arizona Rule of Civil Procedure 56(f) allows a party opposing a motion for summary judgment to request a continuance or to file an affidavit explaining why, without additional discovery, he is unable to counter the moving party's evidence. However, if a party neglects to take either action, "a trial court does not err in proceeding to rule on a motion for summary judgment." *Wells Fargo Credit Corp. v. Smith,* 166 Ariz. 489, 493, 803 P.2d 900, 904 (App.1990). Here, Best neither requested a continuance nor filed an affidavit identifying the discovery he needed or explaining why he could not present facts necessary to oppose the summary judgment motion. Having failed to do so, he may not argue that the court prematurely granted judgment. *See id.* (when a party fails to request a continuance to complete discovery, appellate court will not reverse on the basis that summary judgment was premature); *see also Heuisler v. Phoenix Newsp., Inc.,* 168 Ariz. 278, 282, 812 P.2d 1096, 1100 (App.1991) (by failing to seek continuance or file affidavit, party conceded lack of sufficient facts to counter motion and waived objection that ruling was precipitate).[8]

## Attorneys' Fees

¶ 31 Both parties have requested attorneys' fees and costs incurred on appeal pursuant to A.R.S. §§ 12–341.01(A) and 12–342 (2003). As the prevailing parties, we award defendants their reasonable fees and costs. They may establish the amount of their award by compliance with Arizona Rule of Civil Appellate Procedure 21(a).

## CONCLUSION

¶ 32 For the foregoing reasons, we affirm the summary judgment in favor of defendants and against Best.

8. Best nevertheless argues that for purposes of appeal he is entitled to a presumption that defendants received the February letter and indicated agreement by silence. As already noted, however, we find no reference to the letter in the record and decline to consider arguments raised for the first time on appeal. *See Harris,* 174 Ariz. at 419, 850 P.2d at 132.

CONCURRING: PATRICK IRVING, Presiding Judge, and PATRICIA K. NORRIS, Judge.

