NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RED RIVER LAND COMPANY, LLC, a California
limited liability company, *Plaintiff/Appellant*,

*v.*

CLAUDE H. CRANMER, JR., *Defendant/Appellee*.

No. 1 CA-CV 15-0821
FILED 10-4-2016

Appeal from the Superior Court in La Paz County
No. S1500CV201500077
The Honorable Samuel E. Vederman, Judge

**REVERSED**

COUNSEL

Udall Shumway PLC, Mesa
By Roger C. Decker, Ryan P. Dyches
*Counsel for Plaintiff/Appellant*

Claude H. Cranmer, Cibola
*Defendant/Appellee Pro Se*

_____

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

**H O W E**, Judge:

¶1      Red River Land Company, LLC (RRLC) appeals from the trial court's judgment in favor of Claude H. Cranmer on its forcible detainer claim. RRLC argues that the court erred in (1) finding Cranmer not guilty of forcible detainer and (2) failing to grant possession and attorneys' fees to RRLC. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2      In June 2007, Cranmer entered into a lease with Sprawls Island Development, LLC (RRLC's predecessor in interest) regarding a 40-acre parcel for an annual rental price of one dollar. The lease provided for a 15-year term ending in June 2022 or upon Cranmer's death. In 2014, Sprawls Island Development sold the 40-acre parcel to RRLC, subject to the lease.

¶3      According to general provision four of the lease, "[t]his Lease shall not be recorded. In the event either party records this Lease, the Lease shall be automatically terminated by such action and no longer in force or effect." In August 2015, RRLC recorded the lease, thereby triggering provision four and terminating the lease. Following its recording, RRLC sent Cranmer a notice of termination letter and requested possession of the 40-acre parcel. Cranmer failed to deliver possession of the property, however, and RRLC brought a forcible detainer action.

¶4      At the bench trial, RRLC argued that according to the provision, the lease was no longer in effect and Cranmer was in wrongful possession of the land. RRLC also argued that the lease was clear and unambiguous and that either party could be released from the terms of the lease once the lease was recorded. Cranmer, appearing pro se, did not argue the meaning of the termination provision but instead testified that the vice president of Sprawls Island Development, Gary Vose, told him that the lease would not be recorded.

¶5   To further RRLC's interpretation of the provision, its president, Bob Mullion, testified about Vose's intent on including the termination provision. According to Mullion, Vose "had that clause in there if anytime within 15 years he was to develop . . . he could record the lease and get out of the lease with Mr. Cranmer and move the water to his development he had." Essentially, the provision acted as an escape clause for both parties.

¶6   At the conclusion of the trial, the court found the provision unclear and ambiguous. In reading the provision, the court found the first sentence, "this lease shall not be recorded," could reasonably mean that if either party recorded the lease they would be in breach, which should preclude the breaching party from benefitting by terminating the lease. After determining that the provision was ambiguous, the court looked to the evidence of Vose's purpose and intent for the provision. RRLC had presented evidence that the provision was an escape clause and Cranmer had argued that he was told the lease would not be recorded. Because of this alleged conflict, the trial court found Cranmer not guilty of forcible detainer and awarded him taxable costs. RRLC timely appealed.

## DISCUSSION

¶7   Relying on the plain meaning of the lease's provision, RRLC asserts that the trial court erred in finding the provision ambiguous, and thus, in not enforcing the provision as written. We review the interpretation of leases and other contracts de novo. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12, 69 P.3d 7, 11 (2003). Whether a contract is ambiguous is a question of law and the mere fact that the parties disagree about its meaning does not, in and of itself, create ambiguity. *In re Estate of Lamparella*, 210 Ariz. 246, 250 ¶ 21, 109 P.3d 959, 963 (App. 2005). Because the lease provision read in its entirety is clear and unambiguous, the trial court erred in not giving the provision effect as written.

¶8   When a contract provision is clear and unambiguous, it must be given effect as written. *Mining Inv. Grp., LLC v. Roberts*, 217 Ariz. 635, 639 ¶ 16, 177 P.3d 1207, 1211 (App. 2008). A contract is not ambiguous if the parties' intent is clear from the contract's language and in view of all the circumstances. *Lamparella*, 210 Ariz. at 250 ¶ 21, 109 P.3d at 963. Thus, if the intention is clear, no ambiguity exists. *Id.* Additionally, contracts should be construed to give every part effect and should not be construed in a way that would render other provisions within the contract meaningless. *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 476 ¶ 45, 224 P.3d 960, 973 (App. 2010). The language in the provision could not be more clear. "The Lease

shall not be recorded. In the event either party records this Lease, the Lease shall be automatically terminated by such action and no longer in force or effect." This provision manifests the parties' intent for the lease to terminate in the event the lease is recorded.

¶9        Leases, like other contracts, are to be given a reasonable construction "so as to accomplish the intention of the parties." *See Lamparella*, 210 Ariz. at 250 ¶ 21, 109 P.3d at 963. In interpreting contracts, terms must not be construed in a way that renders another contract term meaningless. *Aztar Corp.*, 223 Ariz. at 478 ¶ 56, 224 P.3d at 975. "As a corollary, each part of the contract must be read together, 'to bring harmony, if possible, between all parts of the writing.'" *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 291 ¶ 18, 246 P.3d 938, 942 (App. 2010). Here, if the first sentence of the provision is construed as resulting in a breach not expressly permitted by the provision—as the trial court found—thereby requiring the breaching party to stay in the lease, the second sentence would be given no effect. Because each part of the lease must be read together, the second sentence in the provision requires that the lease terminate in the event the lease is recorded. Interpreting the provision this way gives effect to the entire provision as originally written and intended. Therefore, the trial court erred in finding RRLC breached the lease in violation of the provision rather than finding the lease terminated upon recording.[1]

¶10       Cranmer did not argue in the trial court that the recording of the lease did not result in its termination, only that he had been told it would not be recorded; this assertion presumably recognized that recordation following execution would have resulted in the lease's immediate termination. Although Cranmer testified that he was told the lease would not be recorded, this was not a promise to never record the lease but rather confirmation that if the lease was recorded then it would be terminated. Even assuming *arguendo* that Vose orally agreed to never record the lease, that agreement would not be enforceable. *See Best v. Edwards*, 217 Ariz. 497, 501–02 ¶¶ 18–19, 176 P.3d 695, 699–700 (App. 2008) (holding that when an original agreement needs to be in writing, any material modification to the original agreement also needs to be in writing to be legally enforceable).

---

[1]       RRLC also argues on appeal that the trial court erred in not considering RRLC's request for attorneys' fees. Because the trial court did not reach the issue of attorneys' fees below, the argument will not be addressed here.

**¶11**        Additionally, Cranmer argues for the first time on appeal that the provision should be interpreted as a privacy clause rather than a termination provision and that RRLC violated its covenant of good faith and fair dealing. Because these arguments are raised for the first time on appeal, they are waived. *In re MH 2008-002659*, 224 Ariz. 25, 27 ¶ 9, 226 P.3d 394, 396 (App. 2010) ("We do not consider arguments raised for the first time on appeal except under exceptional circumstances.").

**¶12**        Accordingly, the lease was terminated when recorded, as the agreement allowed, and the trial court erred by not giving the provision effect as written. RRLC requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12–341.01 and Arizona Rule of Civil Appellate Procedure 21. In the exercise of our discretion, we decline to grant attorneys' fees on appeal.

## CONCLUSION

**¶13**        For the foregoing reasons, we reverse the judgment of the trial court with instructions to enter judgment for RRLC and consider an award of attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA