NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ADRIAN RUSSELL, *Petitioner/Appellee*,

*v.*

DALENE SAHL, *Respondent/Appellant.*

No. 1 CA-CV 17-0729 FC
FILED 8-28-2018

Appeal from the Superior Court in Mohave County
No. L8015DO201507427
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

The Law Offices of Paul Lenkowsky, Bullhead City
By Paul Lenkowsky, Danielle Giddings Fontenot
*Counsel for Petitioner/Appellee*

Dalene Sahl, Lake Havasu City
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**C R U Z**, Judge:

¶1        Dalene Sahl ("Mother") appeals from an order awarding $4,624.00 in attorneys' fees to Adrian Russell ("Father").  Because the superior court presumably weighed the Ariz. Rev. Stat. ("A.R.S.") § 25-324(A) factors in awarding attorneys' fees to Father, we affirm.

**FACTUAL AND PROCEDURAL HISTORY[1]**

¶2        Mother and Father are parents of a minor child.  Mother lives in Arizona; Father lives in California.  Father drives a semi-truck for a living.  In 2016, the superior court ordered that Father was permitted to transport the child in his work semi-truck, with the permission of his employer, Merit Trucking, back and forth from Mother's residence in Arizona to his residence in California.  Merit Trucking provided permission and obtained an insurance policy for the minor child.

¶3        In 2017, Merit Trucking revoked permission for the minor child to ride in the semi-truck due to Mother's multiple communications with its owner expressing "her displeasure with the court's decision to allow [child] to ride in our company truck."

¶4        Father then moved for a hearing to reallocate transportation expenses in connection with the exercise of his parenting time.  Father requested that Mother and Father meet half way between their residences for parenting time exchanges; or, alternatively, that each parent transport the child one way to the other party's residence during parenting time exchanges.

¶5        After a hearing, the superior court ordered each party to bear the entirety of time and expense associated with obtaining the child for the commencement of their visitation.  Specifically, the court ordered that Father shall pick up the child at Mother's residence at the beginning of his

---

[1]        We review the evidence in the light most favorable to upholding the superior court's decision. *Baker v. Meyer*, 237 Ariz. 112, 113, ¶ 2 (App. 2015).

visitation and Mother shall pick up the child from Father's residence at the conclusion of Father's visitation time. The court reserved ruling on Father's requested attorneys' fees and costs, provided time for Father to submit a fee application outlining the issues in A.R.S. § 25-324, and afforded Mother fifteen days to respond.

¶6 Father requested $6,624.00 in attorneys' fees and costs based on Mother's unreasonable position during the course of the litigation. Mother did not respond to Father's fee request. The superior court ultimately awarded Father $4,624.00 in attorneys' fees and costs.

¶7 Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶8 Mother contends the superior court failed to review her financial information prior to awarding attorneys' fees against her and requests the award be reversed. We review a court's ruling on a fee request under A.R.S. § 25-324(A) for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011).

¶9 The superior court may award reasonable attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Although the court may award fees based on either financial disparity or reasonableness, *see Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004), it must consider both factors. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9 (App. 2014); *Nicaise v. Sundaram*, 244 Ariz. 272, 282, ¶ 34 (App. 2018) ("And because two factors must be considered, a neutral finding on one factor does not necessarily preclude an award.").

¶10 The superior court, acknowledging the necessity to review both the reasonableness of the parties' positions and their respective financial resources at the hearing, took the matter under advisement and gave Mother an opportunity to submit an application and affidavit consistent with A.R.S. § 25-324.[2] Nothing in the record demonstrates that the court then failed to properly consider the statutory factors it referenced at the hearing. Additionally, neither party requested findings of fact or conclusions of law under A.R.S. § 25-324(A) or Arizona Rule of Family Procedure 82. Moreover, we presume judges know and follow the law. *State v. Ramirez*, 178 Ariz. 116, 128 (1994). Reviewing the evidence in the

---

[2] The superior court mistakenly cited A.R.S. § 35-324.

light most favorable to upholding the superior court's decision, we hold the court presumably found every fact necessary to support its ruling. *Berryhill v. Moore*, 180 Ariz. 77, 82 (App. 1994).

¶11 In addition to contesting the attorneys' fee award, Mother also objects to admission of hearing exhibits based on the best evidence rule. Mother does not specify the exhibits to which she objects and fails to cite to her objections in the record.[3] Our review of the record reveals that Mother failed to object to the admission of any exhibits at the hearing; therefore, Mother has waived the issue on appeal. *State v. Montano*, 204 Ariz. 413, 426, ¶ 62 (2003). (Absent fundamental error, failure to object to the admission of evidence constitutes waiver of that objection.).

¶12 Mother also alleges a wide array of prejudicial behavior by the superior court judge against her, including unprofessionalism, creating a hostile courtroom, and bias towards women representing themselves *pro per*. A party challenging a judge's impartiality must overcome the presumption that judges are "free of bias and prejudice," *State v. Rossi*, 154 Ariz. 245, 247 (1987), and must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced." *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013); *State v. Schackart*, 190 Ariz. 238, 257 (1997).

¶13 Other than conclusory statements in her opening brief, Mother fails to cite to any specific instances of alleged judicial bias in the record; our independent review of the record reveals none. Thus, Mother has not established the existence of judicial bias.

¶14 Finally, Mother improperly attached six exhibits to her opening brief that are not part of the record below. We will not consider Mother's exhibits on appeal as "[n]ew exhibits cannot be introduced on appeal to secure reversal." *Best v. Edwards*, 217 Ariz. 497, 499 n.1, ¶ 3 (App. 2008) (citations omitted); *see also Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993) (appellate court considers "only those matters in the record before us").

---

[3] Mother's failure to cite to the record violates Arizona Rule of Civil Appellate Procedure 13(d).

**ATTORNEYS' FEES AND COSTS ON APPEAL**

¶15        Father requested his attorneys' fees and costs in accordance with A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21.  In the exercise of our discretion, we decline to award Father his attorneys' fees. However, as the prevailing party, Father is entitled to his costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶16        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA