NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROBERT PARSONS, et al., *Plaintiffs/Appellees,*

*v.*

TOBY HARRIS, *Defendant/Appellant.*

No. 1 CA-CV 25-0285

FILED 10-10-2025

Appeal from the Superior Court in Maricopa County
No.  CV2023-002276
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Holloway Odegard & Kelly PC, Phoenix
By Sally A. Odegard, Stephen M. Hopkins
*Counsel for Plaintiffs/Appellees*

Toby Harris, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1        Toby Harris ("Harris") appeals superior court orders quashing a subpoena and entering summary judgment for Robert Parsons and his wife, Renee (collectively, "the Parsons"). For the reasons stated below, the superior court correctly granted summary judgment in favor of the Parsons.

## FACTS AND PROCEDURAL HISTORY

¶2        GoDaddy terminated Harris from his employment in 2010. At that time, Robert Parsons was an executive at GoDaddy. In a different matter, Harris unsuccessfully sued GoDaddy for wrongful termination and other employment-related claims.

¶3        In 2014, Mr. Parsons left GoDaddy and founded Parsons Xtreme Golf, LLC ("PXG"). Shortly after, Harris created a website called boycottpxg.com, which accused Mr. Parsons of fraud, theft, bribery, and embezzlement.

¶4        The Parsons filed a complaint against Harris for defamation and sought injunctive relief. While the case was proceeding, the Parsons filed a motion to designate Harris as a vexatious litigant. After full briefing on the issue, the superior court issued an order declaring Harris a vexatious litigant.

¶5        During discovery, Harris subpoenaed PXG for documents he contends supported the accusations on the website. PXG moved to quash the subpoena outside the deadline allowed by Arizona Rule of Civil Procedure ("Rule") 45(e)(2)(D). The superior court nevertheless granted the motion to quash.

¶6        Before the superior court quashed the subpoena, the Parsons moved for summary judgment. Harris did not respond to the summary judgment motion or request relief under Rule 56(d) to obtain other evidence. Because the superior court received no response or request for relief, it granted the motion for summary judgment on liability for defamation. After the Parsons withdrew the claim for monetary damages, the court entered a final judgment and found Harris liable for defamation. It permanently enjoined Harris from maintaining the website and making any defamatory comments.

¶7        We remanded Harris' first appeal from this ruling (1 CA-CV 24-0324) to the superior court to determine whether PXG was entitled to an

extension of the deadline to file its motion to quash. The first appeal also reversed and vacated the summary judgment given the remand for reconsideration of the discovery issue.

**¶8** On remand, PXG moved to extend the deadline to file its motion to quash the subpoena. Over Harris' objection, the superior court granted PXG's motion and reinstated the prior order quashing the subpoena and granting summary judgment. The Parsons submitted a proposed form of judgment, to which Harris objected. The court entered a final judgment and permanent injunction, implicitly overruling Harris' objections. Harris timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and (5)(b).

## DISCUSSION

**¶9** Harris challenges the superior court's order granting PXG an extension to file the motion to quash the subpoena. We need not reach that issue because the Parsons are entitled to summary judgment regardless of how the court ruled on the subpoena. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the superior court's grant of summary judgment de novo. *Glazer v. State*, 237 Ariz. 160, 167, ¶ 29 (2015).

**¶10** In a defamation action between two private parties, the speaker may be liable for publishing a falsehood that injures the plaintiff's reputation. *Rogers v. Mroz*, 252 Ariz. 335, 339, ¶ 12 (2022). If the plaintiff is a public figure or public official, the First Amendment also requires a showing that the statements were made with actual malice. *Id.* at 340, ¶ 17 (citing *N. Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)); *see also Peagler v. Phx. Newspapers, Inc.*, 114 Ariz. 309, 312 (1977).

**¶11** The Parsons moved for summary judgment because Harris admitted to publishing statements impeaching Mr. Parsons' reputation and integrity to third parties on his website. The Parsons asserted that Harris made these statements knowing they were false or with reckless disregard for whether they were true. In his deposition, Harris stated that his evidence of truthfulness consisted of the documents attached to his answer. He also claimed that pending discovery requests to the Parsons would support his statements. The superior court implicitly determined that the documents attached to the answer did not relate to the truthfulness of the defamatory statements but instead related to the already-dismissed employment action. Moreover, Harris' deposition testimony does not address the PXG subpoena because he referred to anticipated discovery

responses from Mr. Parsons. Harris also admitted the statements impeached Mr. Parsons' honesty, integrity, and reputation.

¶12 The superior court granted summary judgment because Harris neither responded to the motion for summary judgment, nor requested relief under Rule 56(d) to obtain other evidence to respond to the motion. The court found the motion and statement of facts provided a factual and legal basis to find Harris liable for defamation and grant a permanent injunction. Later, the Parsons' attorney advised the court they would forgo monetary damages.

¶13 Harris objected to the proposed final judgment. In his objection, Harris argued for the first time that the quashed subpoena would have produced evidence showing a business relationship between Parsons and the superior court judge named in the dismissed employment case. Harris did not elaborate on this point, nor did he press this argument on appeal. Instead, Harris argued, as he does on appeal, that the vexatious litigant order violated his constitutional rights and prevented him from filing unspecified pleadings. The superior court entered the final judgment and permanent injunction over Harris' objection. Harris appealed.

¶14 On remand from the first appeal, the superior court confirmed the summary judgment ruling. Harris again objected and argued summary judgment was improper because the Parsons had not shown damages. Harris took a different position in his reply and raised a new argument—that Mr. Parsons must show malice because he is a public figure. Harris also conceded that monetary damages were not required, and a private figure can show defamation per se. The superior court again quashed the subpoena and re-affirmed the prior entry of summary judgment, implicitly overruling Harris' new public figure argument.

¶15 Harris contends the superior court erred by finding liability per se because the Parsons are public figures and therefore must show actual malice. *See Rogers*, 252 Ariz. at 340, ¶ 17. This argument is untimely. Harris acknowledges that he did not make this argument in the original summary judgment proceedings. In fact, Harris did not respond to the summary judgment motion, nor did he request relief under Rule 56(d) to obtain more evidence to respond to the summary judgment motion. Further, Harris did not raise the public figure argument until the superior court reconsidered the summary judgment motion on remand. Even then, he did not make the argument until the reply supporting his objection.

¶16 Harris states that he intentionally chose not to file anything in superior court because the "mid case [v]exatious order was a trap for a

4

contempt charge[.]"  Harris misunderstands the vexatious litigant order, which allowed him to file a pleading with the court's prior permission. Instead, he did nothing.  "[I]f a party neglects to take either action, 'a trial court does not err in proceeding to rule on a motion for summary judgment.'"  *Best v. Edwards*, 217 Ariz. 497, 504, ¶ 30 (App. 2008) (quoting *Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 493 (App. 1990)).  Thus, Harris waived this argument.

**¶17**        Waiver aside, Harris did not offer any evidentiary support for his claim that the Parsons are public figures.  Unsupported factual allegations are insufficient to defeat summary judgment.  Ariz. R. Civ. P. 56(e) ("[A]n opposing party may not rely merely on allegations or denials of its own pleading.").  Harris failed to provide an affidavit or other evidence setting forth "specific facts showing a genuine issue for trial." *Id.* Harris admittedly published statements that impeached the Parsons' "honesty, integrity or reputation." *Peagler,* 114 Ariz. at 316.  Therefore, the Parsons are entitled to summary judgment for defamation per se. *Id.*

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶18**        The Parsons request an award of attorneys' fees under A.R.S. § 12-349(A) on the grounds that the appeal lacked substantial justification and unreasonably expanded the proceedings.  We decline the Parsons' request.  However, as the prevailing party on appeal, the Parsons are entitled to costs under A.R.S. § 12-342(A).

## CONCLUSION

**¶19**        We affirm the entry of summary judgment on the defamation claim and request for a permanent injunction.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

5