460 P.2d 400

**Clarence WAHLEN, Plaintiff-Respondent,**

**v.**

**John SIAPERAS, Defendant-Appellant.**

**No. 10440.**

Supreme Court of Idaho.

Oct. 20, 1969.

**266**

McDermott & McDermott, Pocatello, for appellant.

R. M. Whittier, Pocatello, for appellee.

McFADDEN, Chief Justice.

Clarence Wahlen, the plaintiff-respondent, instituted this action for an accounting as to partnership affairs, alleging the existence of a partnership between himself and John Siaperas, the defendant-appellant. Defendant, in his answer cross-claimed, alleging plaintiff was employed by him, and sought the sum of $1,886.25 for items allegedly owing him from the plaintiff.

Unable to resolve their differences the parties employed individual accountants to investigate the partnership affairs, and no agreement being reached, the respective parties, individually and by their attorneys, then stipulated that the court could appoint a certified public accountant to sit and act as a referee in resolving the accounting problems. The parties also stipulated that they would be bound by the referee's decision. The court entered its order in conformity with the stipulation. The certified public accountant, after meeting with the parties and receiving relevant material,

filed his report in the district court. In the report he found that a partnership existed between July 1, 1964 and June 30, 1965, and that each party had a fifty percent interest. He also determined that on the basis of his investigation appellant owed respondent $6,159.56. This report was approved by the court, and the court entered findings of fact, conclusions of law and a judgment in respondent's favor for $6,159.56.

Subsequently appellant moved that the report and judgment be set aside on various grounds, including the contention that the division between the parties was incorrect. Following a hearing, the court modified its findings, conclusions of law and judgment to the effect that the partnership interest of the parties was 40% for respondent Wahlen and 60% for appellant Siaperas, and reduced the judgment against appellant to $4,927.65.

Appellant appealed from this amended judgment, challenging the report of the certified public accountant.

I.R.C.P. 53(e) (4) provides:

"The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered."

The parties having stipulated that they would be bound by the referee's report, appellant's assignments of error challenging the completeness of the report submitted to the court, not being directed to questions of law, are not meritorious.

Appellant also contends that there was no finding that a partnership existed. The first finding of the trial court, however, covers this contention and the evidence sustains the finding. This contention is, therefore, without merit. Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966).

Appellant contends the court erred in accepting a reappraisal by the referee of certain equipment, increasing the value

over an appraisal previously submitted. This contention disregards that portion of the record which discloses that the lower appraisal was the value of the equipment in March of 1967, nearly two years after the dissolution of the partnership, and that the referee testified that he had it reappraised based on its value at the date of dissolution, increasing the value by a substantial amount. In an accounting upon dissolution of a partnership, the assets should be appraised as of the date of dissolution. See Clark v. Allen, 215 Or. 403, 333 P.2d 1100 (1959); McBride v. Fitzpatrick, 224 Or. 457, 356 P.2d 947 (1960). The evidence sustains the court's finding in this regard.

Neither is there merit in appellant's argument that the referee should have submitted his report to the parties for verification before submitting it to the court. I.R.C.P. 53(e)(5) provides that the referee may submit his report to counsel for each side prior to submitting it to the court, but he is not required to do so; rather, it is discretionary with the referee. 5 Moore's Federal Practice, ¶ 53.16, p. 3009 (2d ed. 1965). See also United States v. Ramsey, 158 F. 488 (D.C.Idaho 1907.)

Lastly it is contended that the court erred in accepting the report because of the referee's alleged indiscreet action in moving his office, while still working on the report, into the same building where respondent's accountant maintained his office. However, the referee consulted with both parties' counsel prior to making his move, and no objection was interposed. Moreover, the record discloses that the referee continued to consult with appellant's accountant after the move and no showing was made except by innuendo that any influence was exerted on his decision by the presence of respondent's accountant in the same building. There is, therefore, no merit in this contention.

There is nothing in the record showing that the referee's findings are clearly erroneous. I.R.C.P. 53(e)(2) provides that the court "shall accept the master's find-

ings of fact unless clearly erroneous." The judgment of the district court is affirmed. Costs to respondent.

McQUADE, DONALDSON and SHEPARD, JJ., and SCOGGIN, D. J., concur.