611 P.2d 557

Joseph R. HANSON and Lydia O. Hanson, husband and wife, Plaintiffs/Appellees/Cross Appellants,

v.

Donald G. HANSON and Elaine K. Hanson, husband and wife, Defendants/Appellants/Cross Appellees.

No. 2 CA-CIV 3236.

Court of Appeals of Arizona, Division 2.

Nov. 9, 1979.

Rehearing Denied Dec. 19, 1979.

Review Denied May 13, 1980.

Slutes, Browning, Zlaket & Sakrison, P. C. by James M. Sakrison, Tucson, for plaintiffs-appellees-cross appellants.

Gaynes & Rockafellow, P. C. by Alex A. Gaynes, Tucson, for defendants-appellants-cross appellees.

## OPINION

HOWARD, Judge.

This is an appeal from an action for an accounting after dissolution of a partner-

ship which resulted inter alia, in the trial court ordering appellants to pay the sum of $66,230 to appellees. (Appellees have abandoned their cross-appeal.) Donald Hanson and Joseph Hanson are brothers who in 1972 became partners in a synthetic marble manufacturing and installation business. The trial court found that Joseph had contributed the whole of his pre-existing tile contracting business to the partnership. When the partnership dissolved, after 1973, Joseph separated the tile business from the marble business and sought an accounting from Donald, who continued in the marble business.

Donald contends the trial court erred in several factual determinations and in its conclusion of law regarding the partnership real property.

It is Donald's contention that Joseph was given too large a credit for contributions. The court heard testimony that Joseph contributed a bank account with a balance of $2,393.01 and made payments on opening expenses of $2,929.12 and $49.14. The total of those is $5,371.27 and matches the finding of the court. We therefore do not interfere.

■ The court valued the land owned by the partnership as of the date of the trial. This was error. The value of partnership assets for purposes of settlement should be determined as of the date of dissolution. *Hurst v. Hurst*, 1 Ariz.App. 227, 401 P.2d 232 (1965), op. supp. 1 Ariz. App. 603, 405 P.2d 913 (1965); *Wahlen v. Siaperas*, 93 Idaho 265, 460 P.2d 400 (1969); *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970); *Watson v. Lunt*, 75 N.M. 734, 410 P.2d 954 (1966); 68 C.J.S. Partnership § 386 c, at 901.

■ It is also contended that the separation of the two businesses in late 1973 was a complete dissolution and should have the effect of an agreement between the partners of a distribution of the partnership assets as separated. We have no quarrel with Donald's contention that partners may agree to the distribution of partnership assets so long as the rights of creditors are not prejudiced, but the underlying assumption is that there is an agreement. In *Ramseyer v. Ramseyer*, 98 Idaho 47, 558 P.2d 76 (1976) the trial court specifically found that there was an agreement and a separation of the businesses pursuant to it. Here there was no such finding and no other evidence presented that either partner considered the late 1973 separation as settling all disputes and obligations. Therefore it is not possible to construe that separation as an agreement between the partners distributing the partnership assets and the trial court did not err in dividing the assets in the action for an accounting.

■ Donald argues that the trial court erred in not finding that there was an agreement by estoppel to dissolve the partnership and settle the partners' obligations when Joseph separated the two businesses. This argument is apparently based on testimony that Joseph requested his accountant, William Haney, to adjust some entries in the partnership account to reflect the division of profit other than 50% to each partner as was the agreement between the partners. No authority for this argument is presented. We do not believe that the adjustments, even though contrary to the partnership agreement, can estop Joseph from asserting his right to an accounting. The adjustments were not in contradiction of anything he now claims and no harm to, or reliance by, Donald has been shown. See, *Joy Enterprises, Inc. v. Reppel*, 112 Ariz. 42, 537 P.2d 591 (1975). *Hansen v. Hansen*, 130 Mont. 175, 297 P.2d 879 (1956) is cited by Donald. In that case the Supreme Court of Montana simply refused to consider as evidence the falsified records of a partnership. There was no issue of estoppel presented to the court and therefore the case does not aid Donald.

He also contends the trial court erred when it failed to give him credit for certain items which included contracts payable, supplies and certain monies he expended.

There was a factual dispute concerning these items which the court resolved by giving a credit to Donald against a cash asset of the partnership which he took with him when each brother went his own way. Although the amount of the credit is not as large as Donald claimed, we are unable to say that the trial court erred in its conclusion.

We agree with Donald's contention that the trial court's computation and division of the partnership good will was erroneous. The only testimony as to its value was from Lois Bradley, a CPA hired by the parties. She testified that the good will was $78,600, which in her opinion was a conservative figure. She also testified that the value of this good will could not be broken down between the tile business and the marble business. The trial court nevertheless attributed a separate good will value to each business and arrived at a total figure of $125,772. There is no basis in the record for this figure and no reason appears for the court's rejection of the figure stated by Lois Bradley. It is the only evidence. In the absence of an agreement to the contrary, good will is a partnership asset which should be accounted for on the termination of the partnership. *Nichols v. Elkins*, 2 Ariz.App. 272, 408 P.2d 34 (1966); *Engel v. Vernon*, 215 N.W.2d 506 (Iowa 1974); Annot. 65 A.L.R.2d 521. The good will of a partnership is an asset which the partner appropriating it to his own use must account for. *Murray v. Bateman*, 315 Mass. 113, 51 N.E.2d 954 (1943). When the partner seeking an accounting has in effect received the benefit of his interest in the good will an accounting has been denied. *Engel v. Vernon*, supra. And see, *Harstad v. Metcalf*, 56 Wash.2d 239, 351 P.2d 1037 (1960). The record clearly demonstrates here that when Joseph took the tile business, he in effect received his share of the good will. Donald therefore did not appropriate a portion of the good will for which he must account.

Each partner is entitled to a return of his capital amount and one-half of the remaining assets after, creditors are first paid. See A.R.S. Sec. 29–240.

Based on the evidence, the trial court should have concluded as follows:

PARTNERSHIP ASSETS

| | |
|---|---|
| Cash | $10,541.91 |
| Land | 48,000.00 |
| | $58,541.91 |
| Less mortgage due | −8,400.00 |
| | $50,141.91 |

CAPITAL ACCOUNTS

| | |
|---|---|
| Joseph | $27,199.00 = 51.01% |
| Donald | 26,121.00 = 48.99% |
| | $53,320.00 |

SHARE OF ASSETS

Joseph – 51.01% of $50,141.91 = $25,577.38
Donald – 48.99% of 50,141.91 = 24,564.52

ASSETS IN POSSESSION AFTER DISSOLUTION

| Joseph | | Donald |
|---|---|---|
| | Cash | $10,541.91 |
| | Land | + 48,000.00 |
| NONE | | 58,541.91 |
| | Less Mortgage | − 8,400.00 |
| | | $50,141.91 |

DUE TO JOSEPH $25,577.38 less set-off
of $5,377.42 [1]       $20,199.96

The judgment in favor of appellees is modified to the sum of $20,199.96 and is affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. Percentage share of cash account.