300 P.3d 907

John D. SHAW and Francisca M. Shaw, Plaintiffs/Appellants,

v.

CTVT MOTORS, INC., an Arizona corporation, dba Camelback Collision Center and/or Camelback Toyota, Defendant/Appellee.

No. 1 CA–CV 12–0161.

Court of Appeals of Arizona, Division 1, Department A.

March 28, 2013.

As Amended March 29, 2013.

Law Office of Shaw & Gould By Jason A. Gould, Phoenix, Attorneys for Appellants.

Clark Hill, PLC By Darrell E. Davis, and Steven C. Lawrence, Scottsdale, Attorneys for Appellees.

## OPINION

ECKSTEIN, Judge Pro Tempore.*

¶ 1 We consider here whether the economic loss rule, as last articulated by our supreme court in *Flagstaff Affordable Housing Ltd. Partnership v. Design Alliance, Inc.*, 223 Ariz. 320, 223 P.3d 664 (2010), applies to bar claims brought under the Arizona Consumer Fraud Act (CFA). We hold that it

---

* The Honorable Paul F. Eckstein, Judge Pro Tempore of the Court of Appeals, Division One, is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).

does not and reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In October 2010, John and Francisca Shaw (collectively, the Shaws) contacted CTVT Motors, Inc. (CTVT) and discussed having repairs done to their vehicle, which had sustained hail damage. At that time, CTVT told the Shaws that the repairs would be completed a few weeks after the necessary parts arrived. CTVT also told the Shaws that it had the resources and expertise to complete the repairs in a competent and timely manner. Based on these statements, the Shaws agreed to have CTVT repair their vehicle. The Shaws did not leave their vehicle at CTVT that day, however, as CTVT needed to order the parts to begin the repairs.

¶ 3 In early November 2010, CTVT contacted the Shaws to tell them that the necessary parts had arrived, and the Shaws took the vehicle to CTVT to be repaired. Over the next few weeks, the Shaws asked about the status of the repairs several times and were told by CTVT each time that the repairs would be completed in a few days.

¶ 4 In late December 2010, after CTVT reported that the repairs had been completed, the Shaws retrieved their vehicle from CTVT and drove it to California. On the drive, the vehicle began showing signs of malfunction. Upon their return, a repair shop in Phoenix told the Shaws that the vehicle had not been repaired correctly.

¶ 5 In May 2011, the Shaws filed a complaint in superior court, alleging that CTVT made misrepresentations or false statements in conjunction with the sale of services in violation of the CFA, Arizona Revised Statutes (A.R.S.) sections 44–1521 to –1534 (2003 & Supp.2012).[1] The Shaws claimed they were damaged through, among other things, the loss of the vehicle's value, the loss of use of the vehicle, and the cost of re-repair because of those misrepresentations.

¶ 6 CTVT moved for judgment on the pleadings under Arizona Rule of Civil Procedure 12(c). CTVT argued that the Shaws did not allege non-economic damages, such as physical harm or damage to property other than the vehicle, and thus the Shaws' CFA claim was precluded under the economic loss rule. Accordingly, CTVT argued that the Shaws must look to the terms of their contract with CTVT, and not the CFA, for their remedies.

¶ 7 The superior court agreed, granted CTVT's motion, and dismissed the Shaws' CFA claim. The Shaws timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) (Supp.2012).

## STANDARD OF REVIEW

¶ 8 A defendant's motion for judgment on the pleadings should be granted "if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2, 988 P.2d 143, 144 (App.1999). In reviewing a defendant's motion for judgment on the pleadings, "we accept as true the factual allegations of the complaint, but review the trial court's legal conclusions de novo." *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218–19, ¶ 6, 165 P.3d 194, 196–97 (App.2007).

## DISCUSSION

¶ 9 To determine whether the economic loss rule bars claims brought under the CFA, we first consider the CFA and economic loss rule independently. We then turn to whether the economic loss rule applies to the Shaws' CFA claim.

### A. The Consumer Fraud Act

¶ 10 The CFA makes it unlawful to use "any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact" when selling or advertising merchandise.[2] A.R.S. § 44–

---

1. We cite the current version of the applicable statutes because no revisions material to this decision have since occurred.

2. Pertinent here, merchandise includes "services." A.R.S. § 44–1521(5).

1522(A). To be actionable, the unlawful practice must be committed with the intent that the consumer rely on such practices. *Id.*

¶ 11 The CFA "is a broadly drafted remedial provision designed to eliminate unlawful practices in merchant-consumer transactions." *Madsen v. W. Am. Mortg. Co.*, 143 Ariz. 614, 618, 694 P.2d 1228, 1232 (App. 1985). The CFA "provide[s] injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions." *Waste Mfg. & Leasing Corp. v. Hambicki*, 183 Ariz. 84, 88, 900 P.2d 1220, 1224 (App.1995). Given these remedial goals, our supreme court has held that a private cause of action exists under the CFA. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 575–76, 521 P.2d 1119, 1121–22 (1974). It is that private right of action, recognized in *Sellinger*, that the Shaws rely on here.

### B. The Economic Loss Rule

¶ 12 The Arizona economic loss rule was first expressly acknowledged under Arizona law in *Salt River Project Agricultural Improvement & Power District v. Westinghouse Electric Corp.*, 143 Ariz. 368, 694 P.2d 198 (1984), a case addressing a strict-liability product defect claim. In that case, the Arizona Supreme Court held that "[w]here economic loss, in the form of repair costs, diminished value, or lost profits, is the plaintiff's only loss, the policies of the law generally will be best served by leaving the parties to their commercial remedies." *Id.* at 379, 694 P.2d at 209.

¶ 13 The Arizona Supreme Court next expressly considered the economic loss rule in *Flagstaff*. In that case, the court applied the rule to claims based on construction defects resulting from professional negligence. *Id.* at 321, ¶ 1, 223 P.3d at 665. The court limited tort recovery involving "contracts for construction" to those situations in which the

plaintiff's economic loss was "accompanied by physical injury to persons or other property." *Id.* at 326–27, ¶ 33, 223 P.3d at 670–71. In that context, absent this type of loss, a plaintiff can only obtain contract remedies.

¶ 14 Relying on *Flagstaff*, we applied the economic loss rule to certain claims for negligence, negligent and intentional misrepresentation, and common law fraud in *Cook v. Orkin Exterminating Co.*, 227 Ariz. 331, 258 P.3d 149 (App.2011). In *Cook*, we determined that upholding contract expectations favored adherence to the remedies available under the parties' contract, writing that a fraud claim was unavailable for defendant's "alleged failure to adequately *perform* its promises under the Agreement." *Id.* at 335, ¶ 20, 258 P.3d at 153 (emphasis added). Even though the Cooks asserted a fraudulent inducement claim, we did not explicitly address the viability of a claim for fraudulent inducement under the economic loss rule in that case.

### C. The Economic Loss Rule and the Consumer Fraud Act

¶ 15 Although Arizona appellate courts have applied the economic loss rule to various tort claims, no published opinion has considered whether the economic loss rule applies to a claim under the CFA. In *Cook*, this court expressly declined to consider whether the economic loss rule applied to the CFA, determining that the issue was not properly raised. *Id.* at 335–36, ¶ 21, 258 P.3d at 153–54. In considering this matter of first impression, we decline to expand the economic loss rule to the legislatively created cause of action set forth in the CFA.

¶ 16 Arizona's economic loss rule is a judicially created doctrine limiting the availability of common law tort remedies. The CFA, by contrast, is a legislative enactment.[3] The Legislature drafted the CFA "broadly," *Madsen*, 143 Ariz. at 618, 694 P.2d at 1232,

---

3. As noted by Professor Jean Braucher, "even if one thought common law fraud actions should not lie in some or all contractual contexts, one would have to ask the question why the states would have enacted broad statutes to protect consumers from unfair and deceptive acts but with an intent to limit the statutes to cases where

no contract resulted or where the fraud was extraneous to the contract, without mentioning any such limitations." Jean Braucher, *Deception, Economic Loss and Mass–Market Customers: Consumer Protection Statutes as Persuasive Authority in the Common Law of Fraud*, 48 Ariz. L.Rev. 829, 847 (2006).

and expressly provided that CFA claims can be brought in addition to seeking other remedies. A.R.S. § 44–1533. Where applicable, the CFA reflects "a trend away from the doctrine of caveat emptor toward caveat venditor." *Sellinger*, 110 Ariz. at 576, 521 P.2d at 1122. The economic loss rule is a judicially created limitation on common law remedies. It is not a substantive restraint on the power of the Legislature to create new remedies.[4]

¶ 17 Other states that have addressed the intersection of the economic loss rule and statutory causes of action have held similarly. *See, e.g., Stuart v. Weisflog's Showroom Gallery, Inc.*, 308 Wis.2d 103, 746 N.W.2d 762, 773–74, ¶¶ 35–37 (2008) (declining to apply the economic loss rule to a cause of action under Wisconsin's Home Improvement Practices Act); *Comptech Int'l, Inc. v. Milam Commerce Park, Ltd.*, 753 So.2d 1219, 1221–23 (Fla.1999) (holding that the economic loss rule does not apply to a cause of action for injury resulting from the violation of Florida's Southern Building Code). At least one state has declined to apply the economic loss rule specifically to a consumer protection statute like the CFA. *See Delgado v. J.W. Courtesy Pontiac GMC–Truck, Inc.*, 693 So.2d 602, 610–11 (Fla.Ct.App.1997) (declining to apply the economic loss rule to the Florida Deceptive and Unfair Trade Practices Act); *see also* Eddward P. Ballinger, Jr. & Samuel A. Thumma, *The History, Evolu-*

*tion and Implications of Arizona's Economic Loss Rule*, 34 Ariz. St. L.J. 491, 502 (2002) (observing that, although there is no Arizona case law on point, "[b]ecause the economic loss rule is a judicially recognized common law doctrine, and acknowledging the judicial function of construing statutes consistent with legislative purpose, courts in other jurisdictions recognize that statutory claims are not barred by the economic loss rule if a contrary result would be inconsistent with the legislative purpose in enacting the statute").

## CONCLUSION

¶ 18 For the foregoing reasons, Arizona's economic loss rule does not apply to private causes of action under the CFA. Accordingly, we reverse and remand to the superior court for further proceedings consistent with this opinion.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and PETER B. SWANN, Judge.

---

4. More generally, we have concerns about applying the economic loss rule, which exists "to encourage private ordering of economic relationships and to uphold the expectations of the parties" to any claim of fraud in the inducement, in which it is alleged that the "private ordering" lauded in *Flagstaff* was based on misinformation intentionally provided by one contracting party to another. *See Flagstaff*, 223 Ariz. at 327, ¶ 38, 223 P.3d at 671.