NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

MILENA WALLACE, a single woman, *Plaintiff/Appellant*,

*v.*

MICHAEL MOFFATT and JANE DOE MOFFATT, husband and wife;
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a
foreign corporation, *Defendants/Appellees*.

No. 1 CA-CV 13-0231
FILED 4-1-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2012-000625
The Honorable Arthur T. Anderson, Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

The Law Offices of Ho & Greene, P.L.L.C., Phoenix
By David D. Greene
*Counsel for Plaintiff/Appellant*

DeCiancio Robbins, PLC, Tempe
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A,** Judge:

**¶1** Plaintiff Milena Wallace timely appeals from a judgment in favor of defendants Michael and Jane Doe Moffatt and State Farm Mutual Automobile Insurance Company (Defendants). Because Defendants failed to show as a matter of law that Wallace's claims were time barred on the limited record presented in a motion for judgment on the pleadings, the judgment is vacated and this matter is remanded for further proceedings.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** In October 2004, Wallace was driving Grace Stika's car when a car driven by Connie Helgeson crashed into Wallace and injured her knee. According to her complaint, after the accident, Wallace has undergone extensive treatment. At the time of the October 2004 accident, both Wallace and Stika had State Farm car insurance purchased through State Farm agent Moffatt. Wallace's policy had an underinsured coverage limit of $25,000; Stika's policy had no underinsured coverage.

**¶3** At some later date apparently before October 2008, Wallace sued Helgeson for injuries resulting from the October 2004 accident. In April 2008, State Farm informed Wallace that she had $25,000 in underinsured coverage and that Stika had no underinsured coverage. Although Helgeson apparently had $100,000 in insurance coverage, Wallace settled her claim against Helgeson in October 2008 for approximately $60,000.

**¶4** In April 2010, Wallace sued Defendants in superior court making allegations similar to those in this case. That April 2010 case

---

[1] In reviewing the grant of a motion for judgment on the pleadings, this court accepts as true the well-pled factual allegations of the complaint. *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8, 300 P.3d 907, 908 (App. 2013) (citation omitted).

apparently was dismissed without prejudice for lack of prosecution in March 2011.

¶5         In May 2011, Wallace underwent "a total knee replacement surgery necessitated by the October [] 2004 accident," incurring $90,000 in related expenses. Wallace alleges "[p]rior medical intervention did not reduce [her] pain, suffering and disability associated with her knee complaints." The record reveals no other information about Wallace's recovery from or progress regarding her October 2004 knee injury.

¶6         In January 2012, Wallace filed this case against Defendants alleging two counts: (1) her surgery in May 2011 entitled her to underinsured coverage benefits and (2) negligence in selling her inadequate insurance. After answering, defendants moved for judgment on the pleadings arguing Wallace's claims, which they characterized as "insurance agent malpractice claim[s]," were barred by the two-year limitations period in Arizona Revised Statutes (A.R.S.) section 12-542(1) (2014).[2] In opposition, Wallace argued her claims accrued in May 2011, as "only then could [Wallace] have known that the adverse driver's liability insurance was insufficient to cover her injuries." Wallace argued count 1 was governed by a three-year limitations period and was subject to a discovery rule, meaning the claim was timely. Wallace argued count 2 was a contract claim subject to a six-year limitations period and was timely, citing *Ins. Co. of N. Am. v. Superior Court*, 166 Ariz. 82, 86, 800 P.2d 585, 589 (1990).

¶7         The superior court granted Defendants' motion for judgment on the pleadings. Although not specifying a date when Wallace's claims accrued, for count 1, the court applied A.R.S. § 12-555(B) and found Wallace's "May 2011 discovery date simply is not credible," citing her April 2010 suit and the allegation that she had "'undergone extensive treatment' since the October 2004 accident."[3] The court found

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[3] Defendants' reply brief attached materials outside of the pleadings that the superior court then relied upon. Wallace did not object to those materials and the superior court did not convert the motion into a motion for summary judgment by referencing those materials. *Cf. Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶13, 226 P.3d 1046, 1050 (App. 2010) (noting "a Rule 12(b)(6) motion that presents a

Wallace had not "borne her burden of proving tolling from the date of the accident," meaning count 1 was time barred. Construing count 2 as alleging "insurance producer malpractice," the court found the two-year limitations period under A.R.S. § 12-542(1) applied. Finding count 2 accrued "no later than April 2008," when State Farm informed Wallace that she had $25,000 in underinsured coverage, the court found count 2 was time barred.

¶8        Wallace timely appealed from the resulting judgment. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶9        A motion for judgment on the pleadings pursuant to Arizona Rule of Civil Procedure 12(c) tests whether the complaint states a claim upon which relief may be granted. *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2, 988 P.2d 143, 144 (App. 1999). If a complaint alleges sufficient facts, or combined with the answer the pleadings raise an issue of material fact, a motion for judgment on the pleadings should be denied. *See AFL-CIO, Council 97 v. Lewis*, 165 Ariz. 149, 151, 797 P.2d 6, 8 (App. 1990). In addressing a motion for judgment on the pleadings, any allegations in the answer are deemed denied. Ariz. R. Civ. P. 8(d). The focus is on the allegations in the complaint, not what might be shown later during discovery, in a motion for summary judgment or at trial. This court reviews de novo a superior court's grant of a motion for judgment on the pleadings. *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8, 300 P.3d 907, 908 (App. 2013) (citation omitted).

## I.    Disputed Issues Of Material Fact Preclude Entry Of Judgment On The Pleadings For Count 1.

¶10       Defendants argue count 1 is time barred under A.R.S. § 12-555(B) because Wallace "did not give written notice to State Farm of a potential [underinsured motorist] claim until more than three years after" the October 2004 accident. In making this argument, however, Defendants rely on a statute that was not enacted until two years *after* the accident.

¶11       Focusing on the law in effect at the time of the accident, A.R.S. § 12-555(B) (2004) -- relied on by Defendants -- addressed when an

document that is a matter of public record need not be treated as a motion for summary judgment").

insurer could bring a subrogation action under A.R.S. § 20-259.01, an issue not relevant here. Instead, A.R.S § 12-555(A) (2004) provided the relevant limitations period and stated, in part:

> An insurer is not liable for . . . underinsured motorist coverage benefits unless the person making the claim gives notice to the insurer in writing of the person's intent to pursue the claim against the . . . underinsured motorist portion of a motor vehicle insurance policy *within three years after the person knows or should know that the party that the person claims caused the harm . . . has insufficient liability insurance to cover the person's injuries.*

A.R.S. § 12-555(A) (2004) (emphasis added). It is possible that Wallace knew or "should have known" of the need for underinsurance benefits for her May 2011 knee surgery prior to May 2008, which would make her claim time barred. On this limited record, however, it is also possible that Wallace did not know and may not be properly held to the "should have known" standard until a date within the three-year limitations period, which would make her claim timely. For example, using as an accrual date either May 2011 (when she had her knee surgery) or April 2010 (when she filed the suit that was dismissed without prejudice), count 1 would not be time barred under a three-year limitations period. Based on the limited record regarding Wallace's knowledge and medical condition during the years leading up to her May 2011 knee surgery, and the limited factual inquiry applicable in addressing a Rule 12(c) motion, it cannot be said that Wallace's claim is time barred as a matter of law based on the pleadings. Accordingly, in addressing defendants' Rule 12(c) motion, Count 1 was not time barred as a matter of law under A.R.S. § 12-555(A) (2004).[4]

---

[4] Defendants argue that amendments to A.R.S. § 12-555(B), effective September 21, 2006, set the applicable standard. The Legislature, however, made plain that those amendments "appl[y] only to losses that occur on or after the effective date" of the amendments. Laws 2006, Ch. 107, § 2; *see also* A.R.S. § 1-244 ("No statute is retroactive unless expressly declared therein."). Accordingly, those amendments do not apply here.

## II. Disputed Issues Of Material Fact Preclude Entry Of Judgment On The Pleadings For Count 2.

¶12        The superior court found the two-year limitations period in A.R.S. § 12-542(1) applies to count 2, a finding not challenged by Wallace on appeal. Accordingly, the issue is whether the court erred in granting Defendants' motion for judgment on the pleadings that count 2 is barred by a two-year limitations period. *See Best v. Edwards*, 217 Ariz. 497, 504 n.7, ¶ 28, 176 P.3d 695, 702 n.7 (App. 2008) (noting that failure to argue a claim in the opening brief on appeal constitutes waiver of that claim).[5]

¶13        In applying this two-year limitations period, as noted above, Wallace claims that she did not know there was insufficient liability insurance to cover her injuries until May 2011, when she had her knee surgery. Even if Wallace knew there was insufficient liability insurance to cover her injuries when she filed the April 2010 suit later dismissed without prejudice, Wallace filed this case within two years of that April 2010 filing. Again noting the narrow inquiry of a motion for judgment on the pleadings, which is limited to the allegations in the pleadings, Defendants have not shown that count 2 is time barred as a matter of law.

¶14        In vacating and remanding, this court expresses no view on the factual merit of Wallace's claims or Defendants' limitations defenses. Instead, recognizing the limited factual nature of a motion for judgment on the pleadings, the court vacates and remands because the current record leaves unresolvable as a matter of law when Wallace knew or should have known of her need for surgery that ultimately occurred in May 2011 and/or when she knew or should have known that Helgeson's liability coverage was inadequate to cover her injuries incurred in the October 2004 accident. This court leaves issues of what Wallace knew or should have known for resolution on remand, be it through discovery, subsequent motion practice or trial.

---

[5] By failing to challenge on appeal the superior court's ruling that Wallace could not assert a claim based on Moffatt's alleged failure to offer adequate underinsured coverage to Stika, Wallace also waived that argument. *See Best*, 217 Ariz. at 504 n.7, ¶ 28, 176 P.3d at 702 n.7; *see also Napier v. Bertram*, 191 Ariz. 238, 242-44, ¶¶ 13-19, 954 P.2d 1389, 1393-95 (1998) (absent special relationship, insurance agent owes no duty to non-client).

## CONCLUSION

**¶15** Because Defendants failed to demonstrate that Wallace's claims are time barred as a matter of law based on the allegations in the pleadings, the judgment reflecting the grant of Defendants' motion for judgment on the pleadings is vacated and this matter is remanded for further proceedings. Because Defendants were not the prevailing parties on appeal, their request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01(A) is denied. Wallace is awarded her costs on appeal upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: MJT