NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

US BANK NATIONAL ASSOCIATION, *Plaintiff/Appellee,*

*v.*

BRANDON C. LIETZ, *Defendant/Appellant.*

No. 1 CA-CV 19-0220
FILED 4-28-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-000042
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

ZBS Law LLP, Phoenix
By Joseph J. Tirello, Kim R. Lepore
*Counsel for Plaintiff/Appellee*

Brandon C. Lietz, New River
*Defendant/Appellant*

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

**S W A N N**, Chief Judge:

¶1          This is a forcible entry and detainer ("FED") action initiated by U.S. Bank National Association against Brandon C. Lietz for possession of real property ("the Property") located in Maricopa County. The superior court denied Lietz's motion to dismiss, granted U.S. Bank judgment on the pleadings, and denied Lietz's motion to vacate the judgment. Lietz appeals.

¶2          A plaintiff is entitled to judgment on the pleadings under Arizona Rule of Civil Procedure 12(c) only when, taking the defendant's well-pleaded factual allegations as true and all denied allegations of the complaint as false, the plaintiff clearly is entitled to judgment. *Food for Health Co., v. 3839 Joint Venture*, 129 Ariz. 103, 106 (App. 1981). We review the superior court's legal conclusions de novo. *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8 (App. 2013).

¶3          FED is a statutory proceeding designed to provide a summary remedy to one entitled to actual possession of property. *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993). In such a proceeding, the only issue before the court is the right of actual possession—the court may not inquire into the merits of title. A.R.S. § 12-1177(A); *Curtis v. Morris*, 186 Ariz. 534, 534 (1996).

¶4          U.S. Bank provided with its complaint a copy of a trustee's deed memorializing its purchase of the Property at a trustee's sale, along with a copy of a post-sale notice to vacate with which it alleged Lietz did not comply. A trustee's deed raises the presumption of compliance with the deed of trust's requirements "relating to the exercise of the power of sale and the sale of the trust property." A.R.S. § 33-811(B).

¶5          Lietz contends that the sale violated an automatic stay imposed by his bankruptcy case, did not comport with the homestead exemption set forth in A.R.S. § 33-1101, and was in truth a "reversion" because U.S. Bank was the seller as well as the purchaser. Because those arguments relate to the merits of title and challenge the sale itself, the superior court properly declined to consider them. (We note, however, that the record demonstrates the sale took place during a period of dismissal in the bankruptcy case, that under § 33-1103(A)(1) the homestead exemption does not apply to deeds of trust, and that under § 33-810 any person—including the trustee or beneficiary—may bid at a trustee's sale.)

## CONCLUSION

**¶6** In view of the foregoing, U.S. Bank was entitled to judgment on the FED complaint. We therefore affirm.

## ATTORNEY'S FEES AND COSTS

**¶7** U.S. Bank requests an award of costs and attorney's fees on appeal under §§ 12-341 and -341.01. As the prevailing party, U.S. Bank is entitled to costs under § 12-341 upon compliance with ARCAP 21. But U.S. Bank is not entitled to attorney's fees under § 12-341.01. That statute authorizes an award of fees to the prevailing party in a contested action arising out of contract. A.R.S. § 12-341.01(A). An FED action following a trustee's sale arises from the defendant's post-sale status as a tenant at sufferance, not from any contractual relationship the defendant may have had with the plaintiff before the sale. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 11–12, ¶ 38 (App. 2018).

