NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSE JESUS ROMAN, JR., *Plaintiff/Appellant*,

*v.*

NATIONSTAR MORTGAGE, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0597
FILED 10-13-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-000003
The Honorable Sally Schneider Duncan, Judge (Retired)

**AFFIRMED**

APPEARANCES

Jose Jesus Roman, Jr., Kingman
*Plaintiff/Appellant*

Troutman Pepper Hamilton Sanders LLP, Irvine, California
By Justin D. Balser
*Counsel for Defendant/Appellee Nationstar Mortgage LLC*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

¶1        Jose Jesus Roman, Jr. appeals the superior court's judgment on the pleadings for Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and Charles Pieper. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In 2006, Roman and his wife mortgaged their property in Tonopah for $100,000.00. The loan was secured by a deed of trust that was ultimately assigned to Nationstar.

¶3        In 2013, Roman was incarcerated on criminal charges unrelated to this case, and later sentenced to prison, where he remains. Also in 2013, the house on Roman's property burned. Roman made a claim to his insurance company, which issued a check for $79,236.97 made payable to Roman and Nationstar. Roman contends the check was intended to pay off the mortgage. Nationstar counters it was intended to cover fire damage repairs, not for paying down the loan. The record does not conclusively show what happened to the check (whether it was cashed, deposited, lost, or something else). In any event, Nationstar maintains it did not apply the check towards the balance of the Roman's mortgage and Roman defaulted on the loan.

¶4        Nationstar began foreclosure proceedings on the property in 2014 and noticed a trustee's sale. Months later, the property sold at auction to the highest bidder, which then sold the property to Pieper at the end of 2014. Pieper placed a manufactured home on the property in 2017.

¶5        That same year, Roman sued the insurance company in federal court for "fail[ing] to resolve the Insurance Claims" and the insurance company issued a second check for $79,236.97 (the same amount as the first check).

¶6        In 2020, Roman made a public records request from prison "for the certificate of occupancy" issued to him in 2006 and in the process

discovered that Pieper had placed a manufactured home on the property. Roman contends that, for the first time, he realized he no longer held title to the property.

¶7        Roman sued Nationstar for foreclosing on the property claiming (1) breach of contract and (2) negligence. Roman also named Pieper in the lawsuit for being "in adverse possession" of the property. Roman requested the superior court "transfer" the deed to him and order the "removal of the manufacture[d] home and occupants" from the property. Nationstar moved for judgment on the pleadings; Pieper joined; and the court obliged. Roman now appeals.

¶8        We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶9        Judgment on the pleadings is appropriate when "the complaint fails to state a claim for relief." *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8 (App. 2013), as amended (Mar. 29, 2013) (quoting *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999). On review, "we accept as true the factual allegations of the complaint, but review the trial court's legal conclusions de novo." *Id.* (quoting *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218–19, ¶ 6 (App. 2007)).

¶10       Roman's complaint raised three claims. First, he alleged that Nationstar breached the "mortgage agreement" when it foreclosed on the property "while the insurance claim was tolling." Second, he alleged that Nationstar negligently foreclosed on the property, causing Roman to lose out on "fixed property items" of value, including fencing, tools and construction equipment, wood beams, concrete flooring, underground utilities, and a septic system. Third, he claimed that Pieper adversely possessed the property and should have ensured there were "no title issues" before purchasing it.

¶11       Roman waived his claims, however, when he failed to timely seek an injunction to stop the trustee sale of the property in 2014. Section 33-811(C) required Roman, as the "trustor" of the property, to raise "an action that results in the issuance of a court order granting relief . . . before 5:00 p.m. . . . on the last business day before the scheduled date of the sale," or he would "waive all defenses and objections to the sale." *See Zubia v. Shapiro*, 243 Ariz. 412, 413, ¶ 1 (2018) (failing to obtain an injunction before the trustee's sale results in the waiver of claims dependent upon the validity of the sale); *Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23-24, ¶ 7 (App.

2014) ("[A] trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion," as well as "any claims that are dependent on the sale.").

¶12 And though on appeal Roman claims he never received notice of the trustee sale, his complaint made no such allegation. Ariz. R. Civ. P. 8(a)(2) (A claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

¶13 Even if Roman did not waive his claims in 2014 by failing to obtain an injunction, his claims are time barred. In Arizona, a breach of a written contract claim must be brought within six years, A.R.S. § 12-548(A)(1); a tort claim related to trespass within two years, § 12-542(3); and a claim for recovery of real property within five years, § 12-525(A). Each time limitation is measured from when the cause of action accrues.

¶14 Roman contends that time limitations should be tolled because he was incarcerated. He relies on § 12-528(B), which provides:

> If a person entitled to commence an action for recovery of real property, or to make any defense founded on the title to real property, is at the time the adverse possession commences or the title first descends imprisoned, the period of such disability shall exist only until such imprisoned person discovers the right to bring the action or make the defense or with the exercise of reasonable diligence should have discovered the right to bring the action or make the defense.

¶15 Roman argues that because he was imprisoned and did not learn that title to the property had transferred to Pieper years earlier until Roman made a public records request in 2020, his causes of action did not accrue until 2020.

¶16 But Roman's claims against Nationstar are not for the recovery of real property and § 12-528 does not toll time limitations for breach of contract or tort claims.

¶17 Finally, Roman argues that Nationstar and Pieper are precluded under the doctrine of *res judicata* from raising time limitation defenses because, according to Roman, the federal court in 2017 found that the statute of limitations did not bar Roman's claims against the insurance company. *See generally Roman v. Travelers Home & Marine Ins. Co.*, CV-17-08151-PCT-JAT, 2017 WL 3978706, at *4 (D. Ariz. Sept. 11, 2017).

¶18 The doctrine of *res judicata* precludes a claim "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999). Neither Nationstar nor Pieper were parties to Roman's federal court action against the insurance company. *Roman v. Travelers Home & Marine Ins. Co.*, 2017 WL 3978706, at *1. And Roman has not shown that Nationstar or Pieper were in privity with the insurance company. On this record, Roman's arguments fail.

## CONCLUSION[1]

¶19 For the foregoing reasons we affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[1] Roman filed a pleading on April 4, 2022, asking this court to "take judicial notice of adjudicative facts" set forth in the pleading. He filed a similar request on August 26, 2022. On September 12, 2022, Roman filed another pleading inquiring whether his presence was required at this court's scheduled conferencing of his appeal and to "describe" what takes place at conference. With this decision, Roman's appeal is resolved. We, therefore, deny as moot each of Roman's requests.