NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CATHRYN CONSTANTINE, *Petitioner/Appellee,*

*v.*

TINO CONSTANTINE, *Respondent/Appellant.*

GUST BAFALOUKOS, *Intervenor/Appellee.*

No. 1 CA-CV 23-0379 FC

FILED 07-09-2024

Appeal from the Superior Court in Maricopa County
No. FN2022-001675
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Michael J. Shew, Ltd., Phoenix
By Michael J. Shew
*Counsel for Petitioner/Appellee*

Genesis Legal Group, Gilbert
By Karl Webster
*Counsel for Respondent/Appellant*

Richards Law Office, P.C., Phoenix
By Charles F. Richards
*Counsel for Intervenor/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**         This case began as a marital dissolution action between Tino Constantine ("Husband") and Cathryn Constantine ("Wife"). Husband, Wife, and Wife's father, Gust Bafaloukos, are members of Athens 6437, L.L.C. ("Athens"). On Wife's motion, the superior court joined Bafaloukos in the dissolution action. Husband appeals the order dissolving Athens and awarding 50% of its assets to Bafaloukos. He also appeals the award of attorney's fees to Wife. We affirm the superior court rulings about Bafaloukos but dismiss the appeal from the fee award for lack of jurisdiction.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Husband and Wife married in 2016, and Wife petitioned for dissolution in 2022. During the marriage, Husband, Wife, and Bafaloukos purchased residential property as an investment. Shortly after the purchase, they formed Athens, listing Husband, Wife, and Bafaloukos as members. They then transferred the property ownership to Athens. At a pretrial hearing to address several matters, Husband agreed that Bafaloukos had a 50% ownership interest in Athens and disputed Wife's interest.

**¶3**         Bafaloukos filed a partition complaint for the real property owned by Athens and to liquidate his interest. Husband answered the complaint and asserted a counterclaim and cross-claim. Husband acknowledged the three parties were members of Athens. Still, he sought a judgment declaring that only he and Bafaloukos had a 50% ownership

2

interest because Wife's interest was invalid. He also sought judicial dissolution of Athens and the sale of the property. Wife did not dispute that Bafaloukos had a 50% ownership interest but argued that she had a 25% interest or had a right to share equally in Husband's 50% interest because his interest was community property.

¶4         Bafaloukos moved for judgment on the pleadings based on the superior court's finding and Husband's agreement at the pretrial hearing that Bafaloukos had a 50% ownership interest in Athens. He asked the court to order the sale of the real property, award him 50% of the sale proceeds, and order Husband to pay him 50% of the remaining funds in Athens's bank account. He also asked for "an order divesting" his 50% interest in Athens and an award of attorney's fees and costs. Husband responded that Bafaloukos could not partition the property under A.R.S. § 12-1211 because Athens, not Bafaloukos, owned the property.

¶5         The superior court granted the motion for judgment on the pleadings ("February 2023 Order"). The court found that Husband's counterclaim did not state a claim for declaratory judgment or judicial dissolution. Yet the court ordered the immediate dissolution of Athens, liquidation of its assets, and sale of the property. It also ordered payment of 50% of the sale proceeds and Athens's bank account to Bafaloukos. The other half was placed in a restricted account, presumably to be allocated between Husband and Wife in the final divorce decree. Finally, the court ordered Husband to pay Bafaloukos's attorney's fees and costs upon completing a fee application. Although the court signed the order, it did not include language making the order appealable under Arizona Rule of Family Law Procedure ("Rule") 78(b).

¶6         Husband objected, arguing that the court erred by awarding Bafaloukos 50% of Athens's assets because it first had to determine any outstanding creditors' claims and return capital contributions to each member before dividing the remaining proceeds under A.R.S. § 29-3707(B).[1] Bafaloukos responded that this was unnecessary because Athens had no creditors. Although the court did not expressly rule on Husband's objection, it entered a *nunc pro tunc* order in May 2023 ("May

---

[1]     In his pleading, Husband argued that the court must make these determinations before distributing the remaining assets "according to the percentages owned by each [Athens] member. A.R.S. § 29-3707(B)(1)." This interpretation of the statute contradicts the argument he makes on appeal—that members receive equal distributions.

2023 Order") identical to the February 2023 Order but with a citation to Rule 78(b). Bafaloukos moved to alter, amend, or clarify the May 2023 Order about the attorney's fee award ("Rule 83 Motion"), an issue irrelevant to this appeal.

¶7 In the meantime, Wife asked the superior court to appoint a special real estate commissioner to handle the sale. According to Wife, Husband refused to cooperate in the sale process. Bafaloukos joined Wife's motion. Over Husband's objection based on his intent to seek a stay and appeal the order to sell, the court granted the motion, appointed a special commissioner, and awarded attorney's fees to Wife related to the motion in an amount to be determined.

¶8 While the Rule 83 Motion was pending, Husband filed his first notice of appeal from (1) the May 2023 Order, (2) the original February 2023 Order, and (3) the unsigned order granting fees to Wife on the real estate special commissioner appointment. We stayed the appeal because the May 2023 Order did not state there was "no just reason for delay" as required by Rule 78(b) and because the court had not ruled on the pending Rule 83 Motion. Following the stay order, the superior court issued another signed *nunc pro tunc* order ("September 2023 Order") with the corrected Rule 78(b) language. The September 2023 Order was otherwise consistent with the February 2023 Order and May 2023 Order.

¶9 The superior court denied the Rule 83 Motion in a separate, signed order with Rule 78(b) language. Bafaloukos objected, arguing, as he does on appeal, that Rule 78(b) certification was improper because the order dividing the Athens bank account did not include a sum certain. The court entered yet another order denying the Rule 83 Motion and clarifying that the September 2023 Order was final about all issues Bafaloukos raised. Husband filed a second amended notice of appeal from the order, the multiple *nunc pro tunc* orders granting judgment on the pleadings, and the unsigned order granting attorney's fees to Wife on the real estate special commissioner issue.

## JURISDICTION

### A. The Order Awarding Attorney's Fees to Wife Is Not Appealable.

¶10 We lack jurisdiction to consider Husband's appeal from the order awarding attorney's fees to Wife. The second amended notice of appeal lists the "[s]igned minute entry dated April 28, 2023." There is no such signed order. The record includes an unsigned minute entry order dated April 28, 2023, filed May 1, 2023. This order does not state the fee

award amount, nor does it comply with Rule 78(b). Thus, it is not a final, appealable order.

¶11            Husband also filed a separate notice of appeal when the superior court later awarded Wife $3,552 in fees and costs in a signed order with Rule 78(b) language. We dismissed Husband's appeal from the attorney's fees judgment, finding entry of a Rule 78(b) judgment was improper. *See Kim v. Mansoori*, 214 Ariz. 457, 460-61, ¶¶ 9-10 (App. 2007). As a result, we dismiss the appeal from the order awarding attorney's fees to Wife for lack of jurisdiction.

## B.     The Judgment for Bafaloukos Is Appealable.

¶12            Appellees argue that because the order in favor of Bafaloukos did not include a sum certain for the Athens bank account, it did not fully resolve his interest in the bank account. As a result, Appellees argue it is not an appealable order. The superior court considered and rejected Bafaloukos's request to state the amount. The lack of a sum certain does not affect the order's finality because the amount is clear from the record.

¶13            Bafaloukos specifically sought to recover half of $7,288, the balance on the date he filed the motion for judgment on the pleadings. This amount was in the account after Athens paid the real estate taxes on the property. Bafaloukos did not dispute the expense and specifically asked the court to enter a judgment for the amount. This judicial admission binds Bafaloukos. *See Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989) (A party is bound by the facts stated in its pleadings, absent an amendment to the pleading.). The balance to be divided is not in dispute, and the judgment is for a sum certain. Thus, the September 2023 Order granting the motion for judgment on the pleadings is appealable.

## C.     The Appeal Challenging the Allocation of Athens's Assets Is Not Moot.

¶14            Appellees also argue that the appeal is moot because the real property has been sold, and Bafaloukos was paid his 50% share of Athens's assets. Appellate courts rarely consider a moot case. *See Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 9 (1973). That said, selling the real property did not render the appeal moot. Although Husband asked the court to sell the property and did not post a supersedeas bond, his appeal is not moot. He challenges the order to distribute 50% of Athens's assets to Bafaloukos before determining the validity of Wife's ownership interest in Athens. The allocation of the assets without such a determination was not voluntary. Thus, an appealable issue exists, and the appeal is not moot. *See Vinson v.*

*Marton & Assocs.*, 159 Ariz. 1, 10 (App. 1988) (Kleinschmidt, J., supplemental opinion) ("Where an appealable issue remains, failure to post a supersedeas bond will not moot an appeal."); *accord Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 503-04 (App. 1997).

**DISCUSSION**

**A.    Bafaloukos Was Entitled to 50% of the Assets.**

**¶15**        Husband contends the superior court erred by awarding 50% of the real estate sale proceeds and bank account to Bafaloukos without first deciding Husband's counterclaim that Wife had no ownership interest in Athens. Husband argues that Wife became a member by exploiting him when he was incapacitated, and so her ownership interest is void. Appellees argue the court did not err because Husband agreed at a hearing that Bafaloukos had a 50% ownership interest in Athens.

**¶16**        A plaintiff is entitled to judgment on the pleadings if the admitted allegations in the complaint "set forth a claim for relief and the answer fails to assert a legally sufficient defense." *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376 (1958). A court accepts the factual allegations in the opposing party's pleadings and the undisputed allegations in the complaint as true.[2] *Shaw v. CTVT Motors, Inc.*, 232 Ariz. 30, 31, ¶ 8 (App. 2013); *Wenrich v. Household Fin. Corp.*, 5 Ariz. App. 335, 338 (1967). We review the superior court's legal conclusions *de novo*. *Shaw*, 232 Ariz. at 31, ¶ 8.

**¶17**        Husband contends the judgment does not comply with A.R.S. § 29-3707, which governs the dissolution of LLCs. Upon dissolution, all LLC members receive an amount equal to their outstanding capital contributions. A.R.S. § 29-3707(B)(1). Any additional assets are distributed proportionately "to their respective rights to share in distributions immediately before the dissolution." A.R.S. § 29-3707(B)(2). Husband argues that if Wife has a valid ownership interest, Bafaloukos is only entitled to one-third of any property exceeding his capital contributions

---

2        Because we are reviewing the grant of a motion for judgment on the pleadings, we consider only the pleadings before the superior court. We thus do not consider the factual assertions in the pleadings Appellees filed in this court in response to Husband's motion for a stay pending the appeal. The superior court did not consider these facts or exhibits, so they are not properly raised on appeal.

under A.R.S. § 29-3707(B)(2). According to Husband, the court could not determine each member's outstanding capital contributions from the pleadings. But the court did not have to decide the issue because Husband agreed on the record that Bafaloukos was entitled to 50% of the assets at the July 2022 hearing.

¶18    Husband denied making any such agreement. But the record shows that Husband agreed that Bafaloukos had a 50% ownership interest in Athens. Husband disputed Wife's right to claim a share of the other 50% interest.[3] He also agreed to pay Bafaloukos 50% of the funds in the bank account after resolving the dispute over the amount to hold in reserve for expenses. The superior court stated the agreement in its minute entry. Thus, Husband is bound by his agreement.[4] *See* Ariz. R. Fam. Law P. 69 (An agreement binds parties when its terms are stated on the record before a judge and is binding on the court when it is submitted and approved by the court.).

¶19    The allocation of the bank account tracks the agreement that Bafaloukos had a 50% ownership interest in Athens. It is inconsistent for Husband to argue that the same distribution percentage does not apply to the proceeds from the sale of the property. Although Athens lacked an operating agreement to this effect, nothing precludes the members from agreeing to make distributions based on the members' ownership interests. *See Hanson v. Hanson*, 125 Ariz. 553, 554 (App. 1979) ("[P]artners may agree to the distribution of partnership assets so long as the rights of creditors are not prejudiced."); *see also Zambezi Holdings, LLC v. Proforma Health, PLLC*, 1 CA-CV 21-0406, 2022 WL 3098020, at *9, ¶¶ 43-44 (Ariz. App. Aug. 4, 2022) (mem. decision) (Nothing in former A.R.S. § 29-703 (now A.R.S. § 29-3404) prevents LLC members from agreeing to take out distributions according to each party's ownership interest.). And A.R.S. § 29-3702(B)(2)(f)

---

[3]    Husband and Bafaloukos each paid one-half the purchase price of the real property later transferred to Athens. Husband claimed Wife made no capital contributions. Wife asserted that Husband and Wife used a joint account to pay their half of the purchase price. Thus, only Husband's and Wife's contributions were in dispute.

[4]    Husband did not argue that A.R.S. § 29-3707 required an equal three-way distribution until *after* he had agreed that Bafaloukos was entitled to 50% of the assets. He cited no good cause for not raising the argument at the hearing. Thus, he is precluded from arguing to the contrary.

specifically authorizes an LLC to perform any "acts necessary or appropriate to the winding up." We hold the agreement binding, and it supports the judgment.

¶20　　　　In that vein, Wife maintained that she only had a 25% ownership interest, or if she was not a member, then she had a right to share in Husband's 50% ownership interest because it was community property. In either case, Wife does not claim more than a 25% interest. Her judicial admission also binds her. *See Black*, 163 Ariz. at 293. As a result, on winding up Athens, Wife was not entitled to more than 25% of the distributions under A.R.S. § 29-3707(B)(2).

¶21　　　　Given the admissions, the superior court did not err by awarding 50% of the assets to Bafaloukos. Husband and Wife can litigate the community nature of Husband's 50% share of the assets in the pending divorce proceedings. But Bafaloukos's 50% interest does not impact that dispute. We affirm the order dissolving Athens and awarding 50% of the assets to Bafaloukos.[5]

## ATTORNEY'S FEES

¶22　　　　Bafaloukos seeks an award of attorney's fees and costs as a sanction under A.R.S. § 12-349(A) and Arizona Rule of Civil Appellate Procedure ("ARCAP") 25. He also argues that Husband's appeal was unreasonable because he took positions contrary to the agreements made in earlier proceedings and outlined in the court orders. *See* A.R.S. § 25-324. Wife also requests attorney's fees and costs on appeal under A.R.S. § 25-324 but does not offer any factual support for her request.

¶23　　　　In exercising our discretion, we decline to award attorney's fees on appeal. However, as the successful parties, Wife and Bafaloukos

---

[5]　　The order on appeal also granted judgment for Bafaloukos's partition complaint and found Husband's counterclaim failed to state a claim for relief. The court also ordered Athens's immediate dissolution and distribution of 50% of the assets to Bafaloukos. But it was Husband's counterclaim that sought judicial dissolution and distribution of assets. Unlike the partition complaint, this was the appropriate means to dissolve Athens. *See* A.R.S. § 29-3701. Thus, the order granting the motion for judgment on the pleadings and dismissing the counterclaim is technically incorrect, but we affirm the ruling because it reached the correct result. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

may recover their costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342.

## CONCLUSION

¶24    We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV